[Cite as *State v. Carzelle*, 2018-Ohio-92.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105425**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANDRE T. CARZELLE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604414-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEY FOR APPELLANT**

Richard Agopian
600 Superior Avenue, Suite 2505
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Gregory J. Ochocki
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Deandre T. Carzelle ("Carzelle") appeals his sentence and asks this court to remand to the trial court for resentencing. We affirm.

{¶2} Carzelle pleaded guilty to three counts of discharging of a firearm on or near prohibited premises, a third-degree felony, in violation of R.C. 2923.162(A)(3); felonious assault (with a three-year firearm specification), a second-degree felony, in violation of R.C. 2903.11(A)(1); and having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2). The trial court sentenced Carzelle to 14 years in prison; three years on the firearm specification, eight years on the felonious assault charge, and three years on the discharging of a firearm charge.

## I.    Facts

{¶3} On March 1, 2016, Carzelle, along with his cousin, traveled to the scene of the crime to confront some people with whom he had a conflict. Carzelle brought a gun with him and shot twice across a roadway towards Dequantai Cross ("Cross"). Cross was in a barbershop at the time of the shooting. One of the bullets hit Cross in the face. Carzelle was subsequently arrested and charged with six felony counts.

{¶4} Carzelle pleaded guilty to three of the six counts. The remaining charges were dismissed. At the time of Carzelle's sentencing, Cross still had the bullet lodged in his face. As a result of the shooting, Cross suffered hearing loss, has weekly therapy sessions, and faced additional surgeries.

**{¶5}** The trial court sentenced Carzelle to a total of 14 years in prison. The trial court ordered that the sentences be served consecutively. Defense counsel did not object or raise the issue at sentencing regarding the allied offenses. As a result, Carzelle filed this timely appeal arguing one assignment of error:

I. The trial court erred by imposing a consecutive sentence for an allied offense.

## II. Law and Analysis

**{¶6}** In Carzelle's sole assignment of error, he contends that the trial court erred by failing to merge allied offenses of similiar import and imposing consecutive sentences for Count 2, discharging a firearm and Count 3, felonious assault. Carzelle asks this court to vacate his sentence and remand to the trial court to merge allied offenses.

**{¶7}** An appellate court should apply a de novo standard of review in reviewing whether two offenses are allied offenses of similar import. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28; *State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751, ¶ 14 (8th Dist.). Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution, and the Ohio Constitution, Article I, Section 10, protect a defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7; *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Id.* at ¶ 15. R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio

Constitution, prohibiting multiple punishments for the same offense. *State v. McCarty*, 2015-Ohio-4695, 47 N.E.3d 515, ¶ 13 (8th Dist.).

{¶8} While,

> [u]nder R.C. 2941.25, Ohio's multicount statute, where the defendant's conduct constitutes two or more allied offenses of similar import, the defendant may be convicted of only one offense. R.C. 2941.25(A). A defendant charged with multiple offenses may be convicted of all the offenses, however, if (1) the defendant's conduct constitutes offenses of dissimilar import, i.e., each offense caused separate identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or motivation. R.C. 2941.25(B); *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶13.   Thus, to determine whether offenses are allied, courts must consider the defendant's conduct, the animus, and the import. Id. at paragraph one of the syllabus.

*State v. Clarke*, 8th Dist. Cuyahoga No. 105047, 2017-Ohio-8226, ¶ 26.

{¶9} We find that Carzelle is incorrect in his presumption that felonious assault and discharging a firearm on or near prohibited premises are allied offenses.   In *Ruff*, the Ohio Supreme Court explained that "offenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm."   *Id*. at ¶ 21.   When a "defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import."   *Id*. at ¶ 23; *State v. Grayson*, 8th Dist. Cuyahoga Nos. 105081 and 105082, 2017-Ohio-7175, ¶ 23.

{¶10} Carzelle pleaded guilty to felonious assault under R.C. 2903.11(A)(1) that states "[n]o person shall knowingly cause serious physical harm to another." The resulting harm of Carzelle's felonious assault was the gunshot to Cross's face.   Carzelle also pleaded guilty to discharge of a firearm on or near prohibited premises under

R.C.2923.162(A)(3) that states "[n]o person shall discharge a firearm upon or over a public road or highway." Carzelle admitted that he "let off two shots. I didn't know where they went. I just know they went somewhere, and I drove off." (Tr. 45.) The resulting harm was to the public. "Because the offense of discharging a firearm over a public road or highway is a strict liability offense, the public was the victim for that offense * * *." *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 34 (8th Dist.).

{¶11} "A person can discharge a firearm over or on a public road or highway without causing or attempting to cause physical harm to another, and the converse is also true. The elements of these two offenses do not correspond to such a degree that commission of one results in the commission of the other." *State v. Baldwin*, 1st Dist. Hamilton No. C-081237, 2009-Ohio-5348, ¶ 19.

> [T]he act of discharging a firearm on or near a prohibited premises was committed with a separate animus, or state of mind, from the felonious assault * * *. *See State v. Whipple*, 2012-Ohio-2938, 972 N.E.2d 1141 (1st Dist.) (finding defendant's conduct in discharging a firearm into a habitation and felonious assault involved a separate animus for each offense); *see also State v. West*, 8th Dist. Cuyahoga No. 98274, 2013-Ohio-487 (finding separate animus as to felonious assault, possession of a firearm in a liquor permit premises, and having a weapon while under a disability where the defendant possessed a gun, shot the victim in a bar, fled from the bar, and continued to fire shots from across the street).

*State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 131.

{¶12} In addition, Carzelle did not raise the issue of allied offenses to the trial court and has forfeited all but plain error. *See Clarke*, 8th Dist. Cuyahoga No. 105047, 2017-Ohio-8226, at ¶ 27. "A forfeited error is not reversible error unless it affected the

outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of justice." *State v. Amison*, 8th Dist. Cuyahoga No. 104728, 2017-Ohio-2856, ¶ 4.

> "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 22. The defendant "bears the burden of proof to demonstrate plain error on the record." *Id.*, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 16. To demonstrate plain error, the defendant must show "an error, i.e., a deviation from a legal rule" that was "an 'obvious' defect in the trial proceedings," and that the error "affected a substantial right," i.e., the defendant must demonstrate a "reasonable probability" that the error resulted in prejudice, affecting the outcome of the trial. *Rogers* at ¶ 22; *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240.

*State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 17.

**{¶13}** We find that the trial court did not err when it did not merge the felonious assault and discharging of a firearm counts and correctly sentenced Carzelle to consecutive sentences for the two offenses of dissimliar import. We overrule Carzalle's sole assignment of error.

**{¶14}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR