[Cite as *State v. Thorpe*, 2024-Ohio-1957.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J. |
|     Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2023-0087 |
| JERMAINE THORPE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0289


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 21, 2024


APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RONALD L. WELCH<br>Prosecuting Attorney<br>Muskingum County, Ohio | CHRIS BRIGDON<br>8138 Somerset Road<br>Thornville, Ohio 43076 |
| JOHN CONNOR DEVER<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43702 | |

*Hoffman, J.*

{¶1}   Defendant-appellant Jermaine Thorpe appeals his sentence entered by the Muskingum County Court of Common Pleas, after the trial court accepted his guilty plea and found him guilty.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On May 11, 2023, the Muskingum County Grand Jury indicted Appellant on four counts of attempted murder, in violation of R.C. 2923.02(A) and (D) and R.C. 2929.02(B), felonies of the first degree, with firearm specifications; four counts of felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), felonies of the second degree, with firearm specifications; four counts of discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3) and (C)(2), felonies of the third degree, with firearm specifications; one count of improperly discharging a firearm at or near a habitation or a school safety zone, in violation of R.C. 2923.161(A)(1) and (C), a felony of the second degree, with firearm specifications; one count of having weapons under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree; and one count of having weapons under disability, in violation of R.C. 2923.13(A)(3) and (B), a felony of the third degree.  At his arraignment on May 17, 2023, Appellant entered a plea of not guilty to the Indictment.

{¶3}   Appellant appeared before the trial court on October 31, 2023, for a change of plea hearing. Pursuant to a negotiated plea, Appellant agreed to plead guilty to Counts 2, 5, 8, and 11, felonious assault, as amended, each with a mandatory three (3) year firearm specification; Counts 3, 6, 9, 12, discharge of firearm on or near prohibited premises, as amended, each with a mandatory three (3) year firearm specification; Count 13, improperly discharging a firearm at or into a habitation or a school safety zone with a

mandatory five (5) year firearm specification; and Counts 14 and 15, having weapons under disability. In exchange, the state agreed to dismiss Counts 1, 4, 7, 10, attempted murder, and the mandatory five (5) year firearm specifications attached to Counts 2, 3, 5, 6, 8, 9, 11, and 12. The state also indicated it would make no recommendation as to sentencing.

{¶4} The trial court conducted a Crim. R. 11 colloquy with Appellant during which he acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. Thereafter, Appellant entered guilty pleas to Counts 2, 3, 5, 6, 8, 9, 11, 12, 13, as well as the firearm specifications associated with those counts, and Counts 14 and 15.

{¶5} The state then detailed the facts underlying the charges, which are as follows:

{¶6} On April 8, 2023, a fight ensued between Appellant and Clay Davis while the men were at the Putnam Tavern. Davis left the establishment in a BMW SUV owned by Jade Cornell. The following day, April 9, 2023, Cornell, Kenzie Puterbaugh, Sharice Cooper, and M.P, a three-year-old child, were having Easter dinner together. The adults planned to go out after dinner after they dropped off M.P. with relatives who were celebrating Easter at the home of Richard Mayle, located at 646 Pine Street. The group drove to Mayle's residence in Cornell's BMW. As the BMW passed Ohio Street, Appellant approached in his Dodge Durango and opened fire on the vehicle with a .356 stated handgun, striking the BMW multiple times as well as the 646 Pine Street residence.

{¶7} A camera situated on the 646 Pine Street residence captured Appellant's Durango approaching the BMW, followed by gunshot flashes emanating from the window

of the Durango. Cornell looked to her side and immediately recognized Appellant. She called 9-1-1 to report the shooting and identified Appellant as the shooter.

{¶8} Appellant fled the scene and proceeded to the home of Thomas Barnett on Wheeling Avenue. Appellant informed Barnett he was having car trouble and asked to leave his car there. Jason Kinney picked up Appellant from Barnett's residence.

{¶9} Police recovered shell casings on the street and subsequently recovered shell casings on the windshield of the Durango, which they located at Barnett's residence. Paperwork inside the vehicle revealed the Durango belonged to Appellant's wife. Ballistics testing established all of the casings were fired from the same firearm. A photograph of trajectory rods in the back of Cornell's BMW showed the bullets were directed at the occupants of the BMW with one coming close to striking three-year-old M.P.

{¶10} After his arrest, Appellant admitted he was at the scene. He believed Clay Davis was in the BMW, which revealed his motive for shooting at the vehicle. Appellant claimed he did not know the whereabouts of the firearm.

{¶11} The trial court accepted Appellant's plea and found him guilty. Appellant waived a pre-sentence investigation and advised the trial court he was ready to proceed with sentencing. The state conceded Counts 14 and 15 merged for purposes of sentencing. The state asked the trial court to impose a period of incarceration of 50 years. Defense counsel countered a prison term of 26 years was appropriate as Appellant had taken responsibility for his actions. Defense counsel also argued Counts 3, 6, 9, and 12 should merge with Counts 2, 5, 8, and 11 as such were committed with the same animus.

**{¶12}** The trial court imposed an eight (8) year prison term with an indefinite sentence of four (4) years on Count 2; a mandatory three (3) year prison term on the firearm specification attached to Count 2; a stated prison term of two (2) years on Count 3; a mandatory prison term of eight (8) years on Count 5; a stated prison term of two (2) years on Count 6; a mandatory prison term of eight (8) years on Count 8; a stated prison term of two (2) years on Count 9; a mandatory prison term of eight (8) years on Count 11; a stated prison term of two (2) years on Count 12; a mandatory prison term of five (5) years on Count 13; a mandatory prison term of five (5) years on the firearm specification attached to Count 13; and a stated prison term of two (2) years on Count 14. The trial court ordered the terms of incarceration imposed on Counts 2, 5, 8, 11, and 13, including the firearm specifications be served consecutively to one another; the terms of incarceration on Counts 3, 6, 9, 12, and 14 be served concurrently with each other and concurrently with the remaining counts for an aggregate minimum mandatory prison term of 45 years and an indefinite prison term of 49 years. The trial court memorialized Appellant's convictions and sentence via Entry filed November 1, 2023.

**{¶13}** It is from this entry Appellant appeals, raising the following assignment of error:

WHERE MULTIPLE OFFENSES ARE OF THE SAME ANIMUS, ONLY 1 CONVICTION IS PERMISSIBLE.

I

**{¶14}** In his sole assignment of error, Appellant argues the trial court erred in failing to merge his sentences on Counts 3, 6, 9, 12, with his sentences on Counts 2, 5, 8, 11, as the offenses were committed with the same animus; therefore, only one conviction was permissible.

**{¶15}** R.C. 2941.25 "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Williams,* 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 13, citing *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. "At the heart of R.C. 2941.25 is the judicial doctrine of merger; merger is 'the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime'." *Id.*, citing *State v. Botta,* 27 Ohio St.2d 196, 201, 271 N.E.2d 776 (1971).

**{¶16}** R.C. 2941.25 specifically provides:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as

to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶17}** We review a trial court's R.C. 2941.25 merger determination under a de novo standard of review. *State v. Williams*, supra at ¶ 28.

**{¶18}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio held:

> In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2841.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

> Two or more offenses of dissimilar import exist within the meaning of R.C. 2841.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

> *Id.* at syllabus.

**{¶19}** Appellant was convicted of four (4) counts of felonious assault, in violation of R.C. 2903.11(A)(2), which provides:

No person shall knowingly do either of the following:

* *

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

**{¶20}** Appellant was also convicted of four (4) counts of discharge of a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3), which provides:

No person shall do any of the following:

* *

(3) Discharge a firearm upon or over a public road or highway.

**{¶21}** "[T]he victim of the offense of discharging a firearm upon or over a public road or highway is the public. *State v. James*, 8th Dist. No. 102604, 2015–Ohio–4987, 53 N.E.3d 770, ¶ 33. "This is because it is the act itself that is prohibited." *Id.* "The offense can be completed with no one remotely near the location where the firearm is discharged upon or over the public road or highway." *Id.* "R.C. 2923.162(A)(3) is a statute intended to benefit the public good and thus imposes strict liability." *Id.*

**{¶22}** Cornell, Puterbaugh, Cooper, and M.P. were the victims of the felonious assault offenses, and the public at large was the victim of the improper discharge offenses. Appellant's conduct placed other people at risk in addition to the individuals in the SUV he actually was targeting.

**{¶23}** Based upon the foregoing, we find the four (4) counts of discharge of a firearm on or near a prohibited premises do not merge with the four (4) counts of felonious assault. See, e.g., *State v. Anderson*, 5th Dist. Richland No. 2020 CA 0068, 2021-Ohio-2316, ¶ 39; *State v. Wright*, 7th Dist. Mahoning No. 15 MA 0092, 2017-Ohio-1211, ¶ 24; *State v. Wood*, 10th Dist. Franklin No. 19AP-649, 2020-Ohio-4895, 160 N.E.3d 439, ¶ 50; *State v. Johnson*, 8th Dist. Cuyahoga No. 105424, 2018-Ohio-1387, 110 N.E.3d 863, ¶ 34. We further find the trial court err in not merging Appellant's sentences on Counts 3, 6, 9, 12, with his sentences on Counts 2, 5, 8, 11.

**{¶24}**  Appellant's sole assignment of error is overruled.

**{¶25}**  The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Baldwin, J. concur