[Cite as *State v. Henry*, 2025-Ohio-774.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Cornelius Shaquille Henry

        Appellant

Court of Appeals No.  L-24-1270
L-24-1271
L-24-1272
L-24-1273

Trial Court No.  CR0202201896
CR0202103068
CR0202202561
CR0202102790

**DECISION AND JUDGMENT**

Decided: March 7, 2025

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

\* \* \* \* \*

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal of an October 16, 2023 judgment of the Lucas

County Court of Common Pleas, convicting appellant, pursuant to a plea agreement

covering four cases, as follows; in case No. 21-2790, on one count of tampering with

evidence, in violation of R.C. 2921.12, a felony of the third degree; in case No. 21-3068,

on one count of the possession of fentanyl, in violation of R.C. 2925.11, a felony of the fourth degree; in case No. 22-1896, on one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, and one count of discharge of a firearm at or near a prohibited premise, in violation of R.C. 2923.162, a felony of the third degree; and lastly, in case No. 22-2561, on one count of the possession of fentanyl, in violation of R.C. 2925.11, a felony of the fifth degree.  In exchange, the balance of offenses were dismissed.

{¶ 2} On October 16, 2023, appellant was sentenced to a two-year term of incarceration in case No. 21-2790, a one-year term of incarceration in case No. 21-3068, a 14 to 17.5-year term of incarceration in case No. 22-1896, and a one-year term of incarceration in case No. 22-2561.  All sentences were ordered to be served consecutively.

{¶ 3} The corresponding sentencing entries, as acknowledged by both parties, misstated the numbers in two of the four cases.  Case No. 21-2790 was incorrectly stated to be case No. 21-1790, and case No. 21-3068 was incorrectly stated to be case No. 21-3086.  For the reasons set forth below, this court affirms the judgment of the trial court, in part, and reverses and remands, in part, for the issuance of a nunc pro tunc to remediate the above-referenced incorrect case numbers, as misstated in the sentencing entries.

{¶ 4} Appellant, Cornelius Henry, sets forth the following three assignments of error:

(1.)  Did the trial court misstate two case numbers in appellant's four judgment entries when imposing consecutive sentences against him?

"(2.) Did the trial court fail to merge the convictions for felonious assault and shooting at or near prohibited premises in violation of appellant's right against double jeopardy?

"(3.) Did the trial court fail to properly address the potential issues of merger and double jeopardy related to the convictions for felonious assault and shooting at or near prohibited premises [].

{¶ 5} The following undisputed facts are relevant to this appeal. This case arises from a May 23, 2022 shooting on a public roadway in Toledo. On May 23, 2022, appellant was driven by another party to a corner convenience store in Toledo in search of E.R., a relative of appellant, and the victim in this case. Appellant traveled to the scene with a loaded firearm.

{¶ 6} Upon arrival at the scene, appellant observed the victim standing on the corner outside of the convenience store. Appellant got out of the vehicle, chased the victim down the street, and began firing his weapon. Appellant shot the victim in the head, causing severe, permanent damage. In addition, shots struck a parked vehicle and an adjacent residence.

{¶ 7} Shortly after the incident, appellant was identified as the perpetrator, located by law enforcement, and arrested. For clarity in this consolidated appeal, the felony offenses arising from the May 23, 2022 shooting incident are contained in case No. 22-1896. In conjunction, at the time of these events, appellant was under indictment, and released on bond, on separate felony offenses, contained in case No. 21-2790 and case No. 21-3068. The felony offenses contained in case No. 22-2561 occurred after appellant was released on bond in the May 23, 2022 shooting incident.

{¶ 8} On October 16, 2023, appellant entered a negotiated change of plea, and was sentenced, with the plea agreement encompassing all cases. On October 23, 2023, the trial court issued four sentencing entries, corresponding to the four separate cases. The entries contained, as acknowledged by both parties, incorrect case numbers on two of the four cases. This appeal ensued.

{¶ 9} In the first assignment of error, appellant maintains that the incorrect case numbers incorporated into the four sentencing entries necessitates remand for issuance of a nunc pro tunc to correct the mistaken case numbers. We concur.

{¶ 10} The propriety of the use of nunc pro tunc entries to correct clerical mistakes is well-established. As this court held in *State v. Lipkin*, 2024-Ohio-608, ¶ 31 (6th Dist.),

> We find that the trial court committed a clerical mistake in the sentencing entry which it may correct any time pursuant to Crim.R. 36. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 12. We may properly order a nunc pro tunc entry so that the record speaks the truth of what the trial court actually decided. *State v. Merer*, 6th Dist. Wood No. WD-20-015, 2021-Ohio-1553, ¶ 14, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶ 11} In conjunction, Crim.R. 36 establishes, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 12} The record shows that each of the four October 23, 2023 sentencing entries misstated case No. 21-2790 as case No. 21-1790, and misstated case No. 21-3068 as case

No. 21-3086. The record further shows that both parties acknowledge this clerical mistake.

{¶ 13} In support of the first assignment of error, appellant argues that, "[T]his consolidated appeal should be reversed and remanded for the trial court to issue *nunc pro tunc* orders to correct for judgment entries because they all misstate case numbers." In response, appellee acknowledges, "[T]he errors are merely clerical and can be corrected by nunc pro tunc entries."

{¶ 14} Thus, the record shows, and the parties concur, that the four sentencing entries misstated two of the four case numbers. As such, we find, in accord with Crim.R. 36, that remand is proper for the limited purpose of the issuance of a nunc pro tunc to correct the misstated case numbers. Accordingly, we find appellant's first assignment of error well-taken.

{¶ 15} In appellant's second assignment of error, appellant argues that the trial court erred in not merging appellant's felonious assault and discharge of a firearm on or near prohibited premises convictions in case No. 22-1896, as allied offenses of similar import for sentencing purposes. We do not concur.

{¶ 16} As this court held in *State v. Scott*, 2024-Ohio-5849, ¶ 84 (6th Dist.),

> R.C. 2941.25 prohibits multiple convictions for allied offenses of similar import arising from the same conduct. *State v. White*, 2021-Ohio-335, ¶ 8 (6th Dist.). To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve either separate victims or separate and identifiable harm, (2) were the offenses committed separately, and were the offenses committed with separate animus? *Id*., quoting *State v. Ruff*, 2015-Ohio-995, ¶ 25. An

affirmative answer to any of the above will permit separate convictions. *Id.*, quoting *State v. Tellis*, 2020-Ohio-6982, ¶ 74 (6th Dist.).

{¶ 17} Illustrative in our consideration of this matter, in the analogous case of *State v. Williams*, 2019-Ohio-794 ¶ 45-50 (8th Dist.), in rejecting a similar argument that appellant's felonious assault and discharge of a firearm on or near prohibited premises convictions should have been merged for sentencing, as allied offenses, the court held,

> In *State v. James*, 2015-4987, 53 N.E.3d 770, ¶ 33 (8th Dist.), this court held that *the offense of discharging a firearm on a public road or highway is a strict liability offense and the victim is the public. Id.* at ¶ 33-34. *Applying James, this court subsequently held the discharging a firearm on or near prohibited premises and felonious assault should not merge. State v. Johnson*, 2018-Ohio-1387, 110 N.E.3d 863, at ¶ 32-33. *See also State v. Carzelle*, 8th Dist. Cuyahoga No. 105425, 2018-Ohio-92, 2018 WL 386622 * * * *felonious assault and improper discharge accounts should not merge because the crimes involve separate victims and separate identifiable harms* * * * *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. Under *Ruff*, the court is to analyze not only the defendant's conduct but also whether the offenses are of dissimilar import, i.e., whether the defendant's conduct involves separate victims or if the harm resulting from each offense is separate and identifiable. Pursuant to *Ruff* and *James*, the two offenses committed by appellant involved different victims, the victim of the murder offense was Demetrius Paul while the victim of the discharging a firearm upon or over a public road or highway was the public at large * * * *[T]he latter offense posed a great risk of harm to the public and that harm was separate and differed in its significance from harm to a specific victim. In other words, the two offenses were of dissimilar import. Under Ruff, the trial court here did not err in not merging the two offenses.* (Emphasis added).

{¶ 18} In applying the above-detailed guiding legal principles to this case, the record shows that on the afternoon of May 23, 2022, appellant traveled with a loaded firearm to a Toledo intersection, searching for a specific victim, E.R. E.R. was standing at the corner of a public intersection, outside of a convenience store. Appellant then got

out of the vehicle, chased the victim, and began shooting at him across the public roadway.  In the course of the incident, appellant shot the victim in the head, causing severe and permanent damage, and shots also struck a parked car and an adjacent residence.

{¶ 19} Accordingly, as was likewise manifest in *Williams*, the record shows that the two offenses involved different victims.  The victim in the felonious assault offense was E.R., a specific, targeted victim, while the victim in the discharge of a firearm on or near prohibited premises offense, in this instance a public roadway, was the public at large.  As such, the victims were different, the harm was different, and the two offenses are of dissimilar import.  *State v. Johnson*, 2022-Ohio-4629, ¶ 24-25 (2d Dist.), citing *State v. Carzelle*, 2018-Ohio-92 (8th Dist.).

{¶ 20} Thus, in accord with *Scott*, *Williams*, and *Ruff*, the trial court did not err in not merging the two offenses.  We find appellant's second assignment of error not well-taken.

{¶ 21} In this third assignment of error, appellant similarly argues that the trial court erred in failing to merge the two offenses, again maintaining that both offenses involved the same, single victim, E.R.

{¶ 22} On the same basis as set forth above in detail in response to appellant's second assignment of error, finding that the two offenses involved different victims and different harm, we find appellant's third assignment of error not well-taken.

**{¶ 23}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed, in part, and reversed, in part. Appellant's convictions and sentences are affirmed, but this matter is remanded for the sole purpose of issuance of nunc pro tunc corrections, as stated in this decision. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                      _____

                                                            JUDGE
Christine E. Mayle, J.


Myron C. Duhart, J.                                 _____
CONCUR.                                                     JUDGE


                                                            _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.