[Cite as *State v. Hoffer*, 2026-Ohio-235.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0076 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2025-0123 |
| JOHN T. R. HOFFER, | |
| Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment:  January 23, 2026 |

BEFORE: Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer, Muskingum County Prosecuting Attorney's Office, Zanesville, Ohio, for Plaintiff-Appellee; April F. Campbell, Dublin, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**   Appellant John Hoffer challenges his convictions on charges of felonious assault and discharging a firearm on or near prohibited premises.  According to Hoffer, the crimes were allied offenses that should have been merged before he was sentenced.  Because we agree with the trial court's conclusion about the merger issue, we affirm Hoffer's sentence on both charges.

**The Key Facts**

**{¶2}**   In December 2024, a woman was allegedly sexually assaulted at a home on Swingle Street in Zanesville.  A carload of angry people then drove to that home, and while they were outside it, someone came out of the home with a gun.  That prompted

the group in the car to leave the residence, and they then drove to a nearby apartment complex where they began to devise a plan to return to the residence and confront the individual whom they believed had sexually assaulted the woman. At this point, Hoffer joined the group.

{¶3} Now themselves armed with firearms, Hoffer and the others in the car began driving back toward the home on Swingle Street. Before they reached that destination, though, they saw someone walking on Greenwood Avenue. Believing that that person had been involved in the suspected sexual assault, a passenger in the vehicle tried to shoot him with a shotgun. When that passenger was unable to fire the gun, Hoffer grabbed it and fired two shots at the pedestrian, who was seriously injured by the gunfire.

{¶4} Hoffer and others were indicted on multiple charges stemming from the incident. Hoffer agreed to plead guilty to the charges of felonious assault (along with an accompanying firearm specification alleging that the crime had been — in the words of R.C. 2941.146(A) — "committed by discharging a firearm from a motor vehicle"), discharging a firearm on or near prohibited premises, and having a weapon while under a disability. The plea agreement did not include any recommendation on the sentence.

{¶5} At the sentencing hearing, the parties initially expressed differing views about whether the felonious-assault and discharging-a-firearm charges should be merged. The State argued that the felonious-assault charge addressed Hoffer's shooting of the victim, while the discharging-a-firearm charge addressed his act of shooting over a roadway. Hoffer's counsel ultimately agreed that the charges "don't merge under a strict analysis of the rough factors." The trial court then found that the two charges did not merge, and Hoffer was convicted and sentenced on both of them.

**{¶6}** Hoffer now appeals, arguing in his sole assignment of error that the trial court erred by failing to merge the two charges.

## The Trial Court Correctly Declined to Merge Charges of Felonious Assault and Discharging a Firearm on or Near Prohibited Premises

**{¶7}** An appellate court reviews de novo a trial court's ruling on whether offenses merge under R.C. 2941.25. *State v. Williams*, 2012-Ohio-5699, ¶ 28. That statute provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment . . . may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "At the heart of R.C. 2941.25 is the judicial doctrine of merger" which "'prohibits multiple punishments for the same offense.'" *Williams* at ¶ 13, quoting *State v. Underwood*, 2010-Ohio-1, ¶ 23.

**{¶8}** In determining whether two or more crimes are "allied offenses of similar import," courts must look at the three separate factors of conduct, animus, and import. *State v. Ruff*, 2015-Ohio-995, paragraph one of the syllabus. By pleading guilty to felonious assault, Hoffer admitted that he had knowingly caused (or attempted to cause) physical harm to another using a deadly weapon. R.C. 2903.11(A)(2). And in pleading guilty to discharging a firearm on or near prohibited premises, Hoffer admitted to discharging a firearm on or over a public road or highway and, as a result of that discharge, causing serious physical harm to a person. R.C. 2923.162(A)(3) and (C)(4). That latter crime does not require the State to prove any particular guilty mindset on the part of a defendant, for as we have explained, R.C. 2923.162 "'is a statute intended to benefit the public good and thus imposes strict liability.'" *State v. Thorpe*, 2024-Ohio-1957, ¶ 21 (5th Dist.), quoting *State v. James*, 2015-Ohio-4987, ¶ 33 (8th Dist.).

{¶9} Hoffer contends that the same conduct — firing a gun from a vehicle and causing physical harm to a victim — underlies both the felonious-assault and discharging-a-firearm charges. But two offenses are of dissimilar import "'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *Thorpe* at ¶ 18, quoting *Ruff* at paragraph two of the syllabus. "[W]hen the defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Ruff* at ¶ 23.

{¶10} Ohio courts, including ours, have repeatedly held that the crimes of felonious assault and discharging a firearm on or near prohibited premises do not merge because an individual is the victim of the former, while the public is the victim of the latter. *See, e.g., State v. Henry*, 2025-Ohio-774, ¶ 19–20 (6th Dist.) ("The victim in the felonious assault offense was . . . a specific, targeted victim, while the victim in the discharge of a firearm on or near prohibited premises offense . . . was the public at large," so "the trial court did not err in not merging the two offenses"); *State v. Anderson*, 2021-Ohio-2316, ¶ 39 (5th Dist.) (because "the public is the victim" of an R.C. 2923.162(A)(3) discharging-a-firearm offense, that crime "does not merge with felonious assault"); *State v. Wood*, 2020-Ohio-4895, ¶ 54 (10th Dist.) ("Appellant's act of firing gunshots on a public roadway . . . harmed the public at large, . . . [while his] conviction for felonious assault required harm to particular victims, . . . and thus differed in the significance and nature of the harm it addressed"); *In re T.P.-A.*, 2019-Ohio-2038, ¶ 18 (2d Dist.) (finding offenses did not merge because "L.M. was the victim of the felonious assault, and the public at large was the victim of the improper discharge [of a firearm] offense" and the defendant's "act of firing

a handgun across the roadway itself violated the statute, placed numerous people at risk, and harmed the public at large") (internal quotations and citation omitted); *State v. Johnson*, 2018-Ohio-1387, ¶ 30 (8th Dist.) ("Johnson's discharging a firearm into a habitation, felonious assault, and discharging a firearm on or near a prohibited premises convictions do not merge because they were committed against separate victims").

**{¶11}** But this case is different, Hoffer argues, because he pled guilty to a discharging-a-firearm charge that accused him, under R.C. 2923.162(C)(4), of causing "serious physical harm" to a victim, and that same victim was in turn the person who was the victim of Hoffer's felonious-assault offense. Those facts, he claims, shift his discharging-a-firearm offense from one that victimized the public to one that harmed a particular person, and so he urges us to conclude that his two same-victim offenses should have been merged. We are not persuaded.

**{¶12}** Notably, at least two Ohio appellate courts have already considered and rejected the kind of merger argument that Hoffer raises. *See, State v. Johnson*, 2022-Ohio-4629, ¶ 28–29 (2d Dist.) ("our analysis does not change even though Johnson's discharge of a firearm offense was elevated to a second-degree felony due to Johnson's causing physical harm to Lake," so "the trial court did not err by failing to merge Johnson's convictions for discharge of a firearm on or near a prohibited premises and felonious assault"), *State v. Johnson*, 2019-Ohio-4265, ¶ 19 (10th Dist.) ("we are mindful that Johnson's act of shooting Staten elevated the degree of the offense of discharging a firearm on or near prohibited premises to a first-degree felony pursuant to R.C. 2923.162(C)(4), [but] we nonetheless still find the offense of discharge of a firearm on or near prohibited premises, under these specific facts, to cause separate and distinct harm

to the public," so that charge did not merge with a voluntary-manslaughter charge alleging that Johnson had caused the death of the same person harmed by the discharging-a-firearm offense).

{¶13} We agree with those courts. The statutes that define the two crimes at issue in this case focus on different conduct, with the discharging-a-firearm offense targeting the inherently dangerous-to-the-public act of firing a projectile over a public road, while the felonious-assault offense aims to punish the act of knowingly using a deadly weapon to harm a particular person. Even where, as here, the same person happens to have been harmed by the defendant's violations of the two statutes, the offenses are distinct because the harm caused by the discharging offense is never confined to one person and always extends to the public at large.

{¶14} We agree with the trial court, too, that the R.C. 2941.146(A) firearm specification that was appended to the felonious-assault charge is not a factor in the merger determination. Firearm specifications do not merge with the underlying crimes at issue in a case. *See State v. Logan*, 2025-Ohio-1772, ¶ 12 ("when the trial court sentences a defendant for a firearm specification, it is not sentencing for a separate offense but instead is imposing additional punishment for the underlying offense"); *State v. Roberts*, 2023-Ohio-142, ¶ 123 (6th Dist.) ("firearm specifications are sentence enhancements, not separate criminal offenses, and do not merge with the underlying felony"); *State v. Ford*, 2011-Ohio-765, ¶ 19 (a firearm specification and the underlying crime "are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense, [and] [p]enalties for a specification and its predicate offense do not merge under R.C. 2941.25").

**{¶15}** To be sure, R.C. 2929.14(B)(1)(b) and (B)(1)(g) indicate that trial courts cannot impose multiple prison terms for multiple firearm specifications in certain cases, but those provisions are of no consequence in this case, where Hoffer pled guilty to just one specification.

**{¶16}** For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant John Hoffer.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.