[Cite as *State v. Hargraves*, 2026-Ohio-2378.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>KAYLA HARGRAVES<br><br>    Defendant - Appellant | Case No. CT2025-0091<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Muskingum County Court of Common Pleas, Case No. CR 2025-0117<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: June 22, 2026 |

BEFORE: Andrew J. King, Kevin W. Popham, and David M Gormley, Judges

APPEARANCES: Joseph A. Palmer, for Plaintiff-Appellee; Elizabeth N. Gaba for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1} Appellant, Kayla A. Hargraves ("Hargraves") appeals her conviction and sentence entered following guilty pleas in the Court of Common Pleas for Muskingum County, Ohio. For the reasons below, we affirm.

**Facts and Procedural History**

{¶2} On December 8, 2024, D.C. was present at a drug house when she was allegedly sexually assaulted. (Plea Tr. at 16.) After escaping, D.C. contacted her mother, co-defendant L.W. In response, L.W. gathered several individuals, including Hargraves, and traveled to the residence. Hargraves drove the group to the house. Upon arriving,

members of the group surrounded the residence, threw objects at the house, and broke several windows. The front door was then kicked in to gain entry. (Plea Tr. at 16-17.)

{¶3} The group encountered an armed individual inside the residence, who exited the house and shattered the rear window of Hargraves's vehicle. D.C. and her boyfriend fled on foot, while Hargraves drove the remaining members of the group back to her apartment. (Plea Tr. at 17; Sent. Tr. at 11.)

{¶4} Once back at the apartment, co-defendant Hoffer arrived to purchase drugs from Hargraves, who then recruited Hoffer to join the group. Meanwhile, L.W. arranged to obtain a shotgun, which co-defendant Jarrett retrieved and delivered to the apartment. (Plea Tr. at 17; Sent. Tr. at 11.) The shotgun was brought inside and loaded. Hargraves then drove the group downtown in search of the individual believed to have assaulted D.C. (Plea Tr. at 17; Sent. Tr. at 11-12.)

{¶5} While driving, the group observed Willard walking along the street and mistakenly believed he was D.C.'s attacker. Hargraves stopped the vehicle beside him. (Plea Tr. at 17.) L.W. yelled at Willard from inside the vehicle and attempted to fire the shotgun, but the weapon malfunctioned. (*Id.*) Hoffer then manipulated the shotgun and fired a shot at Willard from the vehicle. (Plea Tr. at 17-18.) Hargraves drove the vehicle forward a short distance, and a second shot was fired at Willard. Hargraves subsequently drove the group to the Board of Elections parking lot, where a second vehicle occupied by other individuals involved in the scheme arrived. (Plea Tr. at 18.) Hoffer and L.W., taking the shotgun with them, exited Hargraves's vehicle and entered the second vehicle, after which Hargraves drove away. Willard survived despite sustaining two shotgun wounds. (Plea Tr. at 18-19.)

**{¶6}** On February 6, 2025, the Muskingum County Grand Jury indicted Hargraves on the following charges:

- Count 1, attempted aggravated burglary, a felony of the second degree;

- Count 2, conspiracy, a felony of the first degree, with a three-year firearm specification;

- Count 3, attempted murder, a felony of the first degree, with a three-year firearm specification and a five-year drive-by-shooting specification;

- Counts 4 and 5, felonious assault, felonies of the second degree, each with a three-year firearm specification and a five-year drive-by-shooting specification;

- Counts 6 and 7, discharge of a firearm on or near prohibited premises, felonies of the first degree, each with a three-year firearm specification and a five-year drive-by-shooting specification;

- Count 8, improperly handling a firearm in a motor vehicle, a felony of the fourth degree;

- Count 10, possessing criminal tools, a felony of the fifth degree; and

- Count 11, having weapons while under disability, a felony of the fifth degree.

**{¶7}** On July 8, 2025, Hargraves entered guilty pleas pursuant to a negotiated plea agreement memorialized in a Crim.R. 11(C) and (F) plea form signed by Hargraves, defense counsel, and the assistant prosecuting attorney. [Docket Entry No. 29.] Hargraves pleaded guilty to Count 1, as amended, attempted aggravated burglary, a felony

of the second degree, in violation of R.C. 2923.02/ 2911.11(A)(1); Count 4, as amended, felonious assault, a felony of the second degree, with a five-year drive-by-shooting specification, in violation of R.C. 2903.11(A)(2) and 2941.146; and Count 6, as amended, discharge of a firearm on or near prohibited premises, a felony of the third degree, in violation of R.C. 2923.162(A)(3). The remaining counts and specifications were dismissed. The trial court ordered a presentence investigation report and deferred sentencing.

{¶8} On August 11, 2025, Hargraves filed a motion requesting merger of Counts 4 and 6 for sentencing purposes.

{¶9} At the sentencing hearing conducted on August 11, 2025, the trial court reviewed the presentence investigation report and heard statements from Hargraves, defense counsel, and the State. The court found that two separate shots were fired from Hargraves's vehicle at different times and that each shot struck the victim. Based upon those findings, the court concluded that Counts 4 and 6 did not merge.

{¶10} The trial court imposed the following sentence:

- Count 1: two years' imprisonment;

- Count 4: an indefinite prison term of a minimum of eight years and a maximum of twelve years;

- Drive-by shooting specification: a mandatory consecutive five-year prison term; and

- Count 6: thirty-six months' imprisonment.

{¶11} The court ordered the sentences imposed on Counts 4 and 6 to be served concurrently with one another but consecutively to the sentence imposed on Count 1 and consecutively to the drive-by shooting specification. The resulting aggregate sentence

consisted of a minimum prison term of fifteen years, including five mandatory years for the drive-by shooting specification, and a maximum potential prison term of nineteen years.

**Assignments of Error**

{¶12} Hargraves raises three assignments of error,

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT TO THE MAXIMUM TERM OF INCARCERATION FOR COUNTS 4 AND 6. THE TRIAL COURT'S FINDING THAT EACH COUNT MERITED THE MAXIMUM SENTENCE IS NOT SUPPORTED BY THE RECORD AND SUCH SENTENCE MUST BE VACATED AS CONTRARY TO OHIO LAW AND THE OHIO RULES OF CRIMINAL PROCEDURE. THE COURT'S ACTIONS ARE IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION, AS INTERPRETED BY THE U.S. SUPREME COURT IN *BLAKELY V. WASHINGTON (*2004), 124 S.CT. 2531, REH'G DEN. (AUGUST 23, 2004), 125 S.CT. 21 AND ITS PROGENY, AND IN VIOLATION OF HER RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT."

{¶14} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT, TO MAXIMUM SENTENCES AS TO COUNTS 4 AND 6, AND CONSECUTIVE AS TO COUNT 1, ON THE BASIS OF FACTS NEITHER REFLECTED IN A JURY VERDICT NOR ADMITTED BY HER, IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION, AS INTERPRETED BY THE U.S. SUPREME COURT IN *BLAKELY V. WASHINGTON* (2004), 124 S.CT. 2531, REH'G DEN. (AUGUST 23, 2004), 125 S.CT. 21 AND ITS PROGENY, AND IN VIOLATION OF

HER RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT."

**{¶15}** III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT AND ABUSED ITS DISCRETION BY FAILING TO MERGE COUNTS 4 AND 6. EITHER THE COUNTS MERGE, OR IN THE ALTERNATIVE, THE CONVICTION ON COUNT 6 SHOULD BE VACATED."

### I & II

**{¶16}** Hargraves's first and second assignments of error raise related issues. Accordingly, we address them together.

**{¶17}** In her first assignment of error, Hargraves contends the trial court erred and abused its discretion by imposing maximum sentences on Count 4 and Count 6. We disagree.

**{¶18}** In her second assignment of error, Hargraves argues the trial court erred and abused its discretion by imposing consecutive sentences. We disagree.

**Standard of Review**

**Maximum Sentences**

**{¶19}** Under R.C. 2953.08(A)(1), a defendant may appeal a maximum sentence as of right. In reviewing felony sentences, an appellate court reviews the entire record, including oral and written statements and the presentence investigation report. R.C. 2953.08(F); *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).

**{¶20}** Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only if it clearly and convincingly finds either that (1) the record does not

support the sentencing court's findings under the applicable statutes, or (2) the sentence is otherwise contrary to law. *State v. Bonnell*, 2014-Ohio-3177, ¶ 28. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶21} An appellate court may not modify a sentence merely because it disagrees with the trial court's weighing of the factors under R.C. 2929.11 and R.C. 2929.12. *Jones* at ¶ 39. However, where a sentence is based upon considerations outside the statutory framework, it is contrary to law and subject to appellate review. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

{¶22} A trial court's imposition of a potential maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Keith*, 2016-Ohio-5234, ¶¶ 10, 16 (8th Dist.); *State v. Taylor*, 2017-Ohio-8996, ¶ 16 (5th Dist.).

**Purposes and principles of felony sentencing**

**R.C. 2929.11**

{¶23} R.C. 2929.11(A) directs that felony sentences be reasonably calculated to achieve the dual purposes of protecting the public from future crime and punishing the offender, using the minimum sanctions necessary to accomplish those ends. R.C. 2929.11(B) further requires that the sentence be commensurate with and not demeaning

to the seriousness of the offender's conduct and consistent with sentences for similar crimes by similar offenders.

**Seriousness and recidivism factors**

**R.C. 2929.12**

**{¶24}** Under R.C. 2929.12, the court must consider factors bearing on the seriousness of the offense and the likelihood of recidivism. Although a trial court must "consider" these factors, it need not make specific factual findings or recite the statutory language, so long as the record demonstrates consideration. *Jones*, ¶ 20; *State v. Webb*, 2019-Ohio-4195, ¶ 19 (5th Dist.); *State v. Clanin*, 2024-Ohio-2445, ¶ 14 (5th Dist.).

**{¶25}** Where the record is silent, a presumption arises that the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. Hannah*, 2015-Ohio-4438, ¶ 13 (5th Dist.); *State v. Blosser*, 2024-Ohio-173, ¶¶ 16-17 (5th Dist.).

**Application to the present case**

**{¶26}** Here, the sentencing transcript and judgment entry reflect that the trial court expressly considered R.C. 2929.11 and R.C. 2929.12, as well as the PSI, the arguments of counsel, and Hargraves's allocution.

**{¶27}** Hargraves argues the trial court improperly relied upon her prior criminal conduct and upon counts dismissed as part of the plea agreement when imposing maximum sentences.

**{¶28}** The trial court considered Hargraves's prior convictions for possession of methamphetamine in 2020 and 2021, as well as her prior misdemeanor assault conviction in 2020. (Sent. Tr. at 22). Hargraves admitted she was under the influence of methamphetamine at the time of the offenses in this case. (*Id.*). She further admitted that, rather than contacting law enforcement, she agreed to transport her co-defendants to the

drug house. (Sent. Tr. at 23). Hargraves also acknowledged that a firearm was brought into her apartment and into her vehicle. (*Id*. at 23-25).

{¶29} Ohio law permits a sentencing court to consider information beyond the specific conduct underlying the offense of conviction. As this Court has previously recognized, ""[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense." *State v. Riggleman*, 2014-Ohio-5369, ¶ 17 (5th Dist.), quoting *State v. Bowser*, 2010-Ohio-951, ¶ 15 (3d Dist.). A sentencing court may consider prior arrests, dismissed charges, acquitted conduct, and other uncharged conduct contained within a PSI report. *Id.; see also State v. Wiles*, 59 Ohio St.3d 71, 78 (1991).

{¶30} Likewise, a trial court is not required to accept a defendant's expression of remorse at face value. "Ohio courts have noted that 'nothing compels' a court to 'reflexively accept a defendant's statement of remorse,' as the court 'is in the best position' to determine whether a defendant's remarks are indicative of genuine remorse." *State v. Kendrick*, 2025-Ohio-5739, ¶ 21 (10th Dist.), quoting *State v. Dudley*, 2009-Ohio-5064, ¶ 22 (11th Dist.). A trial court's determination that a defendant failed to demonstrate genuine remorse does not render the sentence contrary to law. *State v. Farwell*, 2026-Ohio-1071, ¶ 23 (2d Dist.).

{¶31} The record demonstrates that the trial court properly considered the relevant statutory sentencing factors and imposed sentences within the applicable statutory ranges.

**Consecutive Sentences**

{¶32} Although prison terms are generally presumed to run concurrently pursuant to R.C. 2929.41(A), a trial court may impose consecutive sentences if it makes

the findings required by R.C. 2929.14(C)(4). Those findings must be made at the sentencing hearing and incorporated into the sentencing entry. *Bonnell* at ¶¶ 26, 29, 37.

{¶33} At the sentencing hearing, the trial court expressly found that consecutive service was necessary to protect the public from future crime and to punish the offender, that consecutive sentences were not disproportionate to the seriousness of Hargraves's conduct and the danger she posed to the public, and that (1) at least two of the offenses were committed as part of one or more courses of conduct and the resulting harm was so great or unusual that no single prison term adequately reflected the seriousness of the conduct, and (2) Hargraves's criminal history demonstrated that consecutive sentences were necessary to protect the public. (Sent. Tr. at 34).

{¶34} We find the record supports - by clear and convincing evidence - those R.C. 2929.14(C) findings. The record reflects that Hargraves participated in assembling a group of individuals to confront the accused attacker at the drug house. She knew a firearm had been obtained and transported in her vehicle. After a co-defendant fired at the victim from the vehicle, Hargraves drove the vehicle forward and stopped again, allowing a second shot to be fired at the victim.

{¶35} Accordingly, the record supports the trial court's findings under R.C. 2929.14(C)(4). The sentences imposed were within the applicable statutory ranges, and nothing in the record indicates the trial court relied upon improper considerations.

**Disposition**

{¶36} Hargraves's first and second assignments of error are overruled.

III.

{¶37} In her third assignment of error, Hargraves argues that the trial court erred by failing to merge Count 4, felonious assault, with Count 6, discharge of a firearm on or near prohibited premises. At sentencing, the trial court denied merger. (Sent. Tr. at 8-9). We agree with the trial court.

**Standard of Review**

{¶38} Whether offenses merge as allied offenses of similar import under R.C. 2941.25 presents a question of law, which we review de novo. *State v. Williams*, 2012-Ohio-5699, ¶ 1; *State v. Bailey*, 2022-Ohio-4407, ¶ 6.

**Governing Law**

{¶39} Ohio's multiple-count statute, R.C. 2941.25, governs whether multiple punishments may be imposed for conduct arising from the same criminal episode. The statute provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 2015-Ohio-995, ¶ 31, the Supreme Court of Ohio instructed courts to consider three questions:

1. Were the offenses dissimilar in import or significance?

2. Were they committed separately?

3. Were they committed with separate animus or motivation?

**{¶40}** An affirmative answer to any one of these questions permits separate convictions. *Id.,* see *also, State v. Knuff,* 2024-Ohio-902, ¶ 219; *State v. Baliey*, 2022-Ohio-4407, ¶ 10. The analysis is fact-specific and focuses upon the defendant's conduct. *Id.*

**{¶41}** Offenses occurring close in time may nevertheless constitute separate conduct for purposes of allied-offense analysis. *State v. Black*, 2016-Ohio-383 (8th Dist.); *State v. Victor,* 2022-Ohio-4159, ¶ 40 (11th Dist.). Thus, where separate acts produce distinct harm or are committed with a separate animus, multiple convictions are permissible.

**{¶42}** By pleading guilty to felonious assault, Hargraves admitted that she knowingly caused or attempted to cause physical harm to another by means of a deadly weapon. R.C. 2903.11(A)(2). By pleading guilty to discharge of a firearm on or near prohibited premises, Hargraves admitted that she discharged a firearm upon or over a public road or highway and, as a result of that discharge, caused serious physical harm to a person – with the victim being the public at large. R.C. 2923.162(A)(3) and (C)(4). *See State v. Hoffer*, 2026-Ohio-235, ¶ 8 (5th Dist.).

**{¶43}** Hargraves contends that the same conduct, firing a gun from a vehicle and causing physical harm to the victim, underlies both the felonious-assault and discharge-of-a-firearm offenses. However, offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *State v. Thorpe*, 2024-Ohio-1957, ¶ 18 (5th

Dist.), quoting *Ruff* at ¶ 26. Further, "[w]hen the defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Ruff* at ¶ 23.

{¶44} In *State v. Hoffer*, this Court rejected the same merger argument advanced by Hargraves. There, the defendant argued that because the discharge-of-a-firearm offense under R.C. 2923.162(C)(4) required proof that serious physical harm resulted to the same victim identified in the felonious-assault offense, the offenses should merge. *Hoffer* at ¶ 11.

{¶45} In rejecting that argument, this Court explained:

> The statutes that define the two crimes at issue in this case focus on different conduct, with the discharging-a-firearm offense targeting the inherently dangerous-to-the-public act of firing a projectile over a public road, while the felonious-assault offense aims to punish the act of knowingly using a deadly weapon to harm a particular person. Even where, as here, the same person happens to have been harmed by the defendant's violations of the two statutes, the offenses are distinct because the harm caused by the discharging offense is never confined to one person and always extends to the public at large.

*State v. Hoffer*, 2026-Ohio-235, ¶ 13 (5th Dist.).

{¶46} We find the reasoning in *Hoffer* controlling here. Although the same conduct resulted in injury to the victim, the discharge-of-a-firearm offense involved a separate and identifiable harm to the public by firing a weapon over a public roadway, while the felonious-assault offense addressed the harm inflicted upon the individual victim.

{¶47} Accordingly, the trial court did not err in declining to merge Count 4, felonious assault, with Count 6, discharge of a firearm on or near prohibited premises.

{¶48} Hargraves's third assignment of error is overruled.

{¶49} For the reasons stated in our Opinion, the judgment of the Court of Common Pleas for Muskingum County, Ohio is affirmed.

{¶50} Cost to be paid by appellant Kayla A. Hargraves.

By: Popham, J.

King, P.J. and

Gormley, J., concur