[Cite as *State v. White*, 2021-Ohio-335.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No. L-20-1059

　　　　Appellee                          Trial Court No. CR0201901275

v.

Andre James White                        **DECISION AND JUDGMENT**

　　　　Appellant                          Decided:  February 5, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Andre J. White, appeals the March 5, 2020 judgment of the Lucas

County Court of Common Pleas sentencing him to an aggregate 23-year prison term

following his convictions for complicity to involuntary manslaughter and complicity to

felonious assault, each including a specification for discharging a firearm from a motor vehicle. For the reasons that follow we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On February 14, 2019, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A) and (F), an unclassified felony; one count of murder in violation of R.C. 2903.02(B) and 2929.02, an unclassified felony; and four counts of felonious assault in violation of R.C. 2903.11(A)(2), each a second-degree felony. Each of the six counts included both a specification for the use of a firearm to facilitate the offenses pursuant to R.C. 2941.145(A), (B), (C), and (F), and a specification for discharging a firearm from a motor vehicle pursuant to R.C. 2941.146(A), (B), and (D).

{¶ 3} The charges arose from an incident which occurred on November 22, 2018, in Northwood, Lucas County, Ohio. On that evening, appellant and his two codefendants traveled to a hotel parking lot where they saw an individual, with whom they had a previous altercation, entering a vehicle with three passengers. The passengers included two minor children—M.B. and T.B. Appellant and his codefendants decided to follow the individual with the intent of shooting him. As they approached an on-ramp to Northbound Interstate Route 75, appellant's vehicle pulled alongside the victims' vehicle and, knowing it was occupied, fired multiple shots at the victim's vehicle and drove

2.

away.[1]  The shooting resulted in the death of the three-year-old passenger, M.B., and injuries to the ten-year-old passenger, T.B.  On November 1, 2019, appellant appeared for arraignment and entered a not guilty plea to each count in the indictment.

{¶ 4} Following negotiations with the state, appellant appeared for a change of plea hearing on March 4, 2020.  Pursuant to a plea agreement, appellant agreed to enter a guilty plea to one amended count of complicity to involuntary manslaughter in violation of R.C. 2923.03(A)(2) and 2903.04(A), (C), a first-degree felony (Amended Count 2), and one amended count of complicity to felonious assault in violation of R.C. 2923.03(A)(2) and 2903.191(A)(2), a second-degree felony (Amended Count 3).  Appellant also agreed to enter a guilty plea to the related specification for discharging a firearm from a vehicle for each amended count.  In exchange for his guilty plea, appellant agreed to testify against his codefendants at trial.  The state agreed that upon appellant's satisfaction of his obligation to testify, it would move for dismissal of all remaining counts and their related specifications.  The state also agreed to move for dismissal of the specification for use of a firearm in facilitating the offenses as originally indicted in Counts 2 and 3.  The trial court accepted appellant's guilty pleas in accordance with the agreement and ordered appellant to participate in the preparation of a presentence investigation report.

---

[1] Appellant denies discharging a firearm.

3.

{¶ 5} After completing his obligation to testify pursuant to the plea agreement, appellant appeared for sentencing on March 4, 2020. The trial court dismissed the remaining charges and specifications as agreed. The trial court then sentenced appellant to an eight-year prison term on Amended Count 2—complicity to involuntary manslaughter—with an additional mandatory five-year prison term for the related specification for discharging a firearm from a vehicle. The trial court also sentenced appellant to a five-year prison term on Count 3—complicity to felonious assault—with an additional mandatory five-year prison term on the related specification for discharging a firearm from a vehicle. The trial court ordered appellant to serve each prison term consecutively for a total aggregate prison term of 23 years. The trial court also ordered appellant to serve the aggregate 23-year term consecutive to a prison term previously imposed in Michigan. The trial court memorialized appellant's sentence in a March 5, 2020 judgment entry.

## B. Assignments of Error

{¶ 6} Appellant timely appealed and asserts the following errors for our review:

1. The trial court committed plain error when it sentenced defendant separately for the two offenses herein, when the elements of the offenses align such that commission of one offenses (sic) would probably result in the commission of the other, both of which were committed with one animus which arose from one bad act which produced similar harm, and

4.

when the error was both obvious and substantial, and affected the final outcome of the proceeding.

2. Appellant was denied effective assistance of trial counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to argue that the offenses herein were allied of (sic.) offenses of similar import, such that appellant should only have been sentenced for one offense.

### III. Analysis

### A. Appellant's convictions were not allied offenses of similar import.

{¶ 7} In his first assignment of error, appellant argues that the trial court erred by failing to find that his conviction for complicity to involuntary manslaughter and complicity to felonious assault were allied offenses of similar import and should have been merged at sentencing. Appellant acknowledges that he did not raise this argument at sentencing nor did he object to the trial court's sentencing him separately for each conviction. "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. McKinney*, 6th Dist. Lucas No. L-19-1033, 2020-Ohio-3547, ¶ 27, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Therefore, we review the trial court's judgment for plain error.

5.

{¶ 8} R.C. 2941.25 prohibits multiple convictions for "allied offenses of similar import" arising from the same conduct. "[W]henever a court considers whether there are allied offenses that merge into a single conviction, the court 'must first take into account the conduct of the defendant. In other words, how were the offenses committed.'" *State v. Tellis*, 6th Dist. Wood No. WD-19-050, 2020-Ohio-6982, ¶ 74, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve either separate victims or "separate and identifiable harm, (2) were the offenses committed separately, and (3) were the offenses committed with separate animus?" *Ruff* at ¶ 25. "An affirmative answer to any of the above will permit separate convictions." *Tellis* at ¶ 74.

{¶ 9} Here, appellant argues that his convictions are allied offenses because they arose from the same conduct. Specifically, he argues that his conduct in participating in the shooting of M.B. and T.B. arose from a single animus and, therefore, constitute allied offenses as described in R.C 2941.25(A). This argument is without merit.

{¶ 10} It is well-settled that "[w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Ruff* at ¶ 26. *See also State v. Jones*, 6th Dist. Lucas No. L-13-1193, 2015-Ohio-629, ¶ 75; *State v. Mitchell*, 6th Dist. Erie No. E-09-064, 2011-Ohio-973; *State v. Swiergosz*, 6th Dist. Lucas No. L-12-1293, 2013-Ohio-4625. Further, "offenses committed against different victims during the same

6.

course of conduct are committed with a separate animus for each offense" and "crimes against each victim are of dissimilar import[.]" *Jones* at ¶ 74.

{¶ 11} Appellant was convicted of complicity to the felonious assault of T.B. and complicity to the involuntary manslaughter of M.B. While each conviction arose from the same set of operative facts, those facts clearly demonstrate appellant's conduct victimized more than one person and resulted in separate and distinct harm to each. Because the two victims suffered separate and distinct harm as described in *Ruff,* appellant's argument that his convictions were allied offenses of similar import is unsupported. Accordingly, we find no plain error in the trial court's judgment and appellant's first assignment of error is found not well-taken.

### B. Appellant's counsel did not offer ineffective assistance.

{¶ 12} In his second assignment of error, appellant argues that his counsel offered ineffective sentence by affirmatively stating that his convictions were *not* for allied offenses at sentencing. To prove a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs one and two of the syllabus, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). Appellant's claimed prejudice is that because his convictions were not merged as allied offenses he was sentenced to a longer prison term than he would have otherwise received.

7.

{¶ 13} Given that appellant's convictions were not for allied offenses, he is unable to show that he suffered the claimed prejudice from his counsel's failure to request his convictions be merged at sentencing.  *See State v. Champada*, 6th Dist. Fulton No. F-14-006, 2016-Ohio-7291, ¶ 34 (holding that defendant could not show prejudice related to trial counsel's failure to seek merger when the offenses for which he was convicted were not allied offenses of similar import).  Therefore, his second assignment of error is found not well-taken.

### III.  Conclusion

{¶ 14} We find appellant's first and second assignments of error not well-taken. We affirm the March 5, 2020 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____
                    JUDGE

Thomas J. Osowik, J.        

              _____

Gene A. Zmuda, P.J.                    JUDGE
CONCUR.

              _____

                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.