[Cite as *State v. Aitken*, **2023-Ohio-738.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No.  L-22-1087

  Appellee                                            Trial Court No.  CR0202201202

v.

Jacob Aitken                                          **DECISION AND JUDGMENT**

  Appellant                                           Decided:  March 10, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**OSOWIK, J.**

## Introduction

**{¶ 1}** Appellant, Jacob Aitken, appeals the April 7, 2022 judgment of the Lucas

County Court of Common Pleas which sentenced him to 18 months in prison on two

counts of Domestic Violence, to be served consecutively, for a total of 36 months in

prison.  For the following reasons, we affirm the judgment of the trial court.

**Procedural Background**

{¶ 2} On February 9, 2022, Appellant, Jacob Aitken was indicted by the Lucas County Grand Jury for two counts of Domestic Violence, pursuant to R.C. 2919.25(A), (D)(1), and (D)(4), felonies of the third degree. The charges resulted from an incident that occurred in the family home on or about January 30, 2022, involving two separate victims, his wife and his 15-year-old daughter.

{¶ 3} On March 22, 2022, Aitken pled guilty to the amended charges of two counts of Domestic Violence, pursuant to R.C. 2919.25(A), (D)(1), and (D)(4), with offense being classified as felonies of the fourth degree. Following a sentencing hearing, which was held on April 7, 2022, Aitken was sentenced to 18 months in prison on each count, to be served consecutively, for a total of 36 months in prison.

**Facts**

{¶ 4} The record demonstrates that on January 31, 2022, Aitken was angry when he arrived at home in the evening. His wife was in bed with their five-year-old son when Aitken came in and began choking her. Their 15-year-old daughter and her boyfriend were also in the room at the time. Their daughter's boyfriend grabbed the five-year-old as the daughter attempted to protect her mother from Aitken's attack.

{¶ 5} Aitken then grabbed his daughter by her hair and dragged her down the hallway, causing bloody rug burns to her knees and ripping out handfuls of her hair. Once Aitken's wife had caught her breath, she ran into the hallway and witnessed

Aitken attacking their daughter and slapping her across the face. When she yelled at him to stop, Aitken charged at his wife and ripped the door off of their son's play kitchen and "busted her head open" with it.

{¶ 6} Aitken then turned to their daughter's boyfriend, who was holding a towel to his wife's head which was "gushing blood everywhere." Aitken yelled at him, threatening that "he would kill him if he didn't leave." Their daughter's boyfriend left and so did Aitken.

{¶ 7} At the sentencing hearing, the court stated that it considered the record, oral statements, both victim impact statements, and the PSI prepared, as well as the principles and purposes of sentencing under 2929.11, and balanced the seriousness and recidivism factors under 2929.12. The court sentenced Aitken to 18 months for each of his two counts of domestic violence, to be served consecutively, for a total of 36 months.

**Argument**

{¶ 8} Appellant presents two assignments of error for our review. In his first assignment of error, appellant argues that the trial court erred by failing to find that his conviction for these two separate offenses involving two separate victims were allied offenses of similar import and should have been merged at sentencing. Appellant acknowledges that he did not raise this argument at sentencing nor did he object to the trial court's sentencing him separately for each conviction.

3.

**{¶ 9}** An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *State v. McKinney*, 6th Dist. Lucas No. L-19-1033, 2020-Ohio-3547, ¶ 27, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Therefore, we review the trial court's judgment for plain error. *State v. White*, 6th Dist., Lucas No. L-20-1059, 2021-Ohio-335, ¶ 6-7.

**{¶ 10}** R.C. 2941.25 prohibits multiple convictions for "allied offenses of similar import" arising from the same conduct. Whenever a court considers whether there are allied offenses that merge into a single conviction, the court must first take into account the conduct of the defendant. In other words, how were the offenses committed. *State v. Tellis*, 6th Dist. Wood No. WD-19-050, 2020-Ohio-6982, ¶ 74, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve either separate victims or separate and identifiable harm, (2) were the offenses committed separately, and (3) were the offenses committed with separate animus? *Ruff* at ¶ 25. An affirmative answer to any of the above will permit separate convictions. *Tellis* at ¶ 74.

**{¶ 11}** Here, appellant argues that his convictions are allied offenses because they arose from the same conduct. Oddly, Aitken also argues that his daughter would not

4.

have been a victim "if she had done the right thing by calling 9-1-1" rather than intervening to stop his ongoing choking of her mother.  This argument is without merit.

{¶ 12} It is well-settled that when a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.  *Ruff* at ¶ 26. *See also State v. Jones*, 6th Dist. Lucas No. L-13-1193, 2015-Ohio-629, ¶ 75; *State v. Mitchell*, 6th Dist. Erie No. E-09-064, 2011-Ohio-973; *State v. Swiergosz*, 6th Dist. Lucas No. L-12-1293, 2013-Ohio-4625.  Further, offenses committed against different victims during the same course of conduct are committed with a separate animus for each offense and crimes against each victim are of dissimilar import.  *Jones* at ¶ 74.

{¶ 13} Appellant was convicted of Domestic Violence for his assault of his wife and the wholly separate act of Domestic Violence for the assault of his 15-year-old daughter.

{¶ 14} While each conviction arose from the same set of operative facts, those facts clearly demonstrate appellant's conduct victimized more than one person and resulted in separate and distinct harm to each.  Because the two victims suffered separate and distinct harm as described in *Ruff*, appellant's argument that his convictions were allied offenses of similar import is unsupported.  *White*, 6th Dist., Lucas No. L-20-1059, 2021-Ohio-335, at ¶ 6-11.  Accordingly, we find no plain error in the trial court's judgment and appellant's first assignment of error is found not well-taken.

5.

{¶ 15} For his second and final assignment of error, Aitken contends that the trial court committed error in the imposition of maximum sentences. He presents no argument in support of this position other than to re-assert that the two offenses arose from a single incident.

{¶ 16} Aitken admits that he presents this assignment solely by virtue of his appeal of right granted by R.C. 2953.08(A)(1)(b) which states:

> (b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum definite prison term or longest minimum prison term for the offense of the highest degree.

### Standard of Review

{¶ 17} Our review of felony sentences is governed by R.C. 2953.08(G), which provides, in pertinent part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶ 18} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of

6.

section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law. *State v. Nelson,* 6th Dist. Wood No. WD-21-083, 2022-Ohio-4308, ¶ 4-5.

{¶ 19} In challenging the sentence as "contrary to law," appellant presents no argument contesting the trial court's consideration of the factors under R.C. 2929.11 and 2929.12.

{¶ 20} Even if Aitken did challenge the trial court's consideration of these factors, in *State v. Jones*, 2020-Ohio-6729, 163 Ohio St.3d 242, 169 N.E.3d 649, ¶ 42 and *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, the Ohio Supreme Court expressly rejected application of a "contrary to law" review to the trial court's consideration of factors under R.C. 2929.11 and 2929.12. Likewise, we have summarily rejected challenges to a trial court's findings under R.C. 2929.11 and 2929.12. *See State v. Bowles*, 6th Dist., Lucas, No. L-21-1074, 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 7, citing *Jones* and *Toles*. *State v. Dobbins*, 6th Dist. Erie No. E-22-007, 2022-Ohio-4768, ¶ 10-11.

{¶ 21} While R.C. 2953.08(G)(2)(a) permits our review of a trial court's findings under R.C. 2929.13(B) to determine whether the record supports the sentence by clear and convincing evidence, Aitken bears the burden of pointing to evidence in the record demonstrating error. *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-

985, ¶ 7, citing *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.  In this instance, appellant makes no argument other than quoting the statements of the victim and again claiming that the assaults of the two victims should be considered a singular event.

{¶ 22} Aitken pled guilty and was convicted of two counts of domestic violence, pursuant to R.C. 2919.25(A), (D)(1), and (D)(4), felonies of the fourth degree. R.C. 2929.14(A)(4) establishes the term of imprisonment for a fourth-degree felony. That sections states:

> (4) For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

{¶ 23} The sentence of 18 months on each count was within the statutory range and therefore, not contrary to law.

### Consecutive sentences

{¶ 24} The trial court imposed consecutive sentences.  The standard of review for the imposition of consecutive sentences is governed by the clearly and convincingly standard set forth in R.C. 2953.08(G)(2).  The Supreme Court of Ohio has recently illuminated the standard of review concerning the imposition of consecutive sentences. In *State v. Gywnne*, Slip No. 2022-Ohio-4607, ¶ 27 the Court stated:

8.

An appellate court's review of the record and findings is de novo with the ultimate inquiry being whether it clearly and convincingly finds—in other words, has a firm conviction or belief—that the evidence in the record does not support the consecutive-sentence findings that the trial court made. To reiterate, R.C. 2953.08(G)(2)'s clear-and-convincing standard does not permit—much less require or expect—an appellate court to modify or vacate an order of consecutive sentences only when it is unequivocally certain that the record does not support the findings. It requires that the appellate court vacate or modify the order if, upon review of the record, the court is left with a firm belief or conviction that the findings are not supported by the evidence.

{¶ 25} The Court went on to state that a review of the record must first conclude that there is some evidence to support the consecutive-sentence findings. Afterwards, the review must be adequate to fully support the trial court's findings:

This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. An appellate court may not, for example, presume that because the record contains some evidence relevant to and not inconsistent with the consecutive-sentence findings, that this evidence is enough to fully support the findings. As stated above, R.C. 2953.08(G)(2)

9.

explicitly rejects this type of deference to a trial court's consecutive-sentence findings. Instead, a de novo standard of review applies to whether the evidence in the record supports the findings that were made. Under this standard, the appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results. *Id.* at ¶ 28-29. [1]

**Statutory Findings**

{¶ 26} The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4). That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

---

[1] We will note that a motion for reconsideration was filed on January 3, 2023. That motion is still pending.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 27} Thus, R.C. 2929.14(C)(4) requires that the trial court make three specific findings before imposing consecutive sentences, including that: (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) finding that one of the subsection (a) (b) or (c) statutory factors of R.C. 2929.14(C) (4) applies.

{¶ 28} Aitken makes no claim or argument that the trial court failed to make the necessary statutory findings to impose consecutive sentences.

11.

{¶ 29} The Supreme Court of Ohio has held that in order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Otherwise, the imposition of consecutive sentences is contrary to law. *See id*.

{¶ 30} Although a word-for-word recitation of the language of the statute is not required, a reviewing court must be able to discern that the trial court engaged in the correct analysis, and to determine that the record contains evidence to support the trial court's findings. *State v. Johnson*, 6th Dist. Sandusky No. S-20-033, 2021-Ohio-2254, ¶ 11-12, citing *Bonnell* at ¶ 29.

### Analysis

{¶ 31} In Aitken's case, the trial court relevantly stated at the sentencing hearing:

The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses to the public.

The court went on to state:

The Court further finds that the offenses were committed as part of one or more courses of conduct and that the harm caused was so great or unusual that no single prison term for any of these offenses committed as

part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶ 32}** Thus, it is undisputed that the record supports a finding under R.C. 2929.14(C) (4)(b) that Aitken committed these multiple offenses as part of one or more courses of conduct and that the harm caused was so great or unusual that no single prison term for any of these offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the appellant's conduct.

**{¶ 33}** Pursuant to *Gwynne*, after a de novo review of the consecutive-sentence findings made by the trial court, we cannot find that the imposition of consecutive sentences is clearly and convincingly contrary to law. We further find that the record supports those findings required under 2929.14(C)(4) and these findings are incorporated into the judgment entry of sentencing that was journalized on April 8, 2022.

### Conclusion

**{¶ 34}** We find appellant's first and second assignments of error not well-taken. We affirm the April 7, 2022 judgment[2] of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[2] The April 7 judgment was journalized on April 8, 2022, and E-Journalized on April 11, 2022.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.