[Cite as *State v. Eames*, 2025-Ohio-2177.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-24-1162

     Appellee                                    Trial Court No.  CR 23 1007

v.

Carissa Eames                              **DECISION AND JUDGMENT**

     Appellant                                   Decided: June 20, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J**.

{¶ 1} This is an appeal from a July 2, 2024 judgment of the Lucas County Court of Common Pleas, sentencing appellant, Carissa Eames, to a total term of incarceration of 12 to 15 years, following appellant's negotiated guilty pleas to two counts of complicity in the commission of felonious assault, in violation of R.C. 2923.03(A)(2) and

2903.11(A)(2), felonies of the second degree, and two counts of complicity in the commission of kidnapping, in violation of R.C. 2923.03(A)(2) and 2905.01(A)(3), also felonies of the second degree.

{¶ 2} This case arises from the December 3, 2022 murder of victims K.W. and K.P., both juvenile males. On December 3, 2022, while K.W. and K.P. were playing video games in the basement of appellant's Toledo home, they were assaulted, tied up with electrical cords, put into the trunk of a motor vehicle, taken to an abandoned home in North Toledo, and killed, after which the home was burned down, in a failed effort to conceal the above-described crimes.

{¶ 3} For clarity on the confines of appellant's role in these events, while appellant was not involved in the subsequent, off-site murder of the boys, appellant was present in her home when the victims were initially beaten and tied up, and later put into the trunk of a waiting vehicle, and driven away.

{¶ 4} Appellant, by her own admission, was aware of what was occurring, heard it as it was occurring, did not intervene, did not seek assistance for the victims, did not report the incident, helped clean the blood evidence of the crimes, and later lied to the investigating law enforcement officers and to the victims' families regarding what had occurred.

{¶ 5} Accordingly, appellant's convictions comprised complicity offenses for the offenses that occurred in her home, with her knowledge and assistance; namely, assault

and kidnapping. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 6} Appellant, Carrissa Eames, sets forth the following sole assignment of error on appeal:

"I. The trial court abused its discretion by failing to merge [the complicity to commit felonious assault and complicity to commit kidnapping offenses] pursuant to R.C. 2941.25, [as] allied offenses of similar import, [under] the facts and circumstances of this incident."

{¶ 7} The following undisputed facts are relevant to this appeal. On December 3, 2022, Corbin Gingrich ("Corbin"), appellant's fiancé, arranged for an Uber to transport the victims from a party that they had been attending at Maumee Bay State Park to the Toledo home shared by appellant and Corbin. Corbin believed that the victims were involved in the recent theft of one of his firearms. The invitation and transportation of the victims to appellant's home was a subterfuge. It facilitated their ambush, and culminated in their deaths.

{¶ 8} Upon arrival at appellant's home, the victims went into the basement and began to play video games. Subsequently, Corbin and Donald Eames ("Donald"), appellant's brother, went into the basement and confronted the victims about Corbin's missing gun. A struggle ensued, during which the victims were pistol whipped, subdued, and then tied up with electrical cords. Appellant was aware of what was occurring, and overheard it as it was occurring.

{¶ 9} At this juncture, Cruz Garcia ("Cruz") was contacted by the men to arrange to take the victims out of appellant's home. Cruz drove to appellant's home, accompanied by two other males, with all three men wearing face masks. Upon arrival, the victims were taken by the masked men from appellant's home and put into the trunk of Cruz's waiting vehicle. The victims were then driven away in the trunk of the vehicle, while appellant remained at her home. Again, appellant was aware of what was occurring, and overheard it as it was occurring.

{¶ 10} The victims were taken to several additional locations in the Toledo area, and then ultimately driven to an abandoned home in North Toledo. The victims were strangled and beaten to death, after which the vacant home in which their bodies had been left was burned down.

{¶ 11} On December 14, 2022, 11 days after the victims disappeared, an anonymous caller reported the involvement of Corbin and Donald in the disappearance of the victims to law enforcement. The ensuing investigation into this matter led to the abandoned, burned home in North Toledo. Excavation of the site recovered two sets of human remains, later positively identified as the missing boys.

{¶ 12} On January 4, 2023, appellant was indicted on two counts of murder, in violation of R.C. 2903.01, unclassified felonies, two counts of kidnapping, in violation of R.C. 2905.01, felonies of the first degree, and one count of obstruction of justice, in violation of R.C. 2921.32, a felony of the third degree. Multiple co-defendants were likewise indicted in connection to these crimes.

{¶ 13} On June 10, 2024, pursuant to a negotiated plea agreement, and consistent with the above-discussed confines of her role in these crimes, appellant pled guilty to two counts of complicity in the commission of kidnapping, in violation of R.C. 2923.03(A)(2) and R.C. 2905.01(A)(3), felonies of the second degree, and two counts of complicity in the commission of felonious assault, in violation of R.C. 2923.03(A)(2) and R.C. 2903.11(A)(2), also felonies of the second degree.

{¶ 14} On July 2, 2024, appellant was sentenced to a term of incarceration of six years to nine years on each of the complicity to commit felonious assault convictions, and three years to four and one-half years on each of the complicity to commit kidnapping convictions, with the felonious assault sentences ordered to be served consecutively to each other, and concurrently with the kidnapping sentences, equaling a total a term of incarceration of 12 to 15 years. This appeal ensued.

{¶ 15} In the sole assignment of error, appellant argues that the trial court erred in not merging the complicity to commit felonious assault offenses and the complicity to commit kidnapping offenses, as R.C. 2941.25 allied offenses of similar import, for sentencing purposes. We do not concur.

{¶ 16} As this court held in *State v. Scott*, 2024-Ohio-5849, ¶ 84 (6th Dist.),

> R.C. 2941.25 prohibits multiple convictions for allied offenses of similar import arising from the same conduct. *State v. White*, 2021-Ohio-335, ¶ 8 (6th Dist.). To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve either separate victims or separate and identifiable harm, (2) were the offenses committed separately, and (3) were the offenses committed with separate animus? *Id*., quoting *State v. Ruff*, 2015-Ohio-995, ¶ 25. An

affirmative answer to any of the above will permit separate convictions. *Id*., quoting *State v. Tellis*, 2020-Ohio-6982, ¶ 74 (6th Dist.).

{¶ 17} In conjunction, as this court held in *State v. Gilmer*, 2024-Ohio-1178, ¶ 88 (6th Dist.),

> The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). An appellate court reviews de novo whether offenses should be merged as allied offenses under R.C. 2941.25. *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 5, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1. Although determining whether R.C. 2941.25 has been properly applied as a legal question, it necessarily turns on analysis of the facts. *Id*. at ¶ 11.

{¶ 18} As applied to the instant case, R.C. 2923.03(A)(2), the complicity statute, establishes in relevant part, "No person shall * * * aid or abet in committing the offense."

{¶ 19} In conjunction, R.C. 2903.11(A)(2), the felonious assault statute, establishes in relevant part, "No person shall knowingly * * * cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance."

{¶ 20} Lastly, R.C. 2905.01(A)(3), the kidnapping statute, establishes in relevant part, "No person, by force, threat, or deception * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person * * * to terrorize, or to inflict serious physical harm on the victim or another."

{¶ 21} In principle support of this appeal, appellant argues,

> Given that appellant's crime here was aiding and abetting these crimes by refusing to contact the police, or the families of the victims, this court should find

that her actions were essentially one prolonged bad act * * * This court should find that the injuries to the boys, including their ultimate deaths, were not the result of any separate actions or inactions by appellant, notwithstanding the tragedy that unfolded [the murder of both boys].

{¶ 22} The record shows that appellant's selectively limited characterization of her actions does not fully reflect the entirety of her conduct, and the corresponding legal culpability. The record shows that appellant was present in her home, and was, by her own admission, aware of the actions of Corbin and Donald in physically assaulting K.W. and K.P. by wrestling them, pistol whipping them, and upon subduing them, tying them up with electrical cords. In addition, the record shows that appellant ultimately acknowledged during the course of the investigation that she cleaned the victims' blood off of the gun utilized to commit the assault, in an effort to erase the evidence, and conceal the crimes.

{¶ 23} The record likewise shows that appellant was present in her home, and was, by her own admission, aware of the actions of Corbin, Donald, and others, in later taking the tied-up boys from her basement and putting them into the trunk of the vehicle waiting outside of her residence. In addition, the record shows that appellant ultimately acknowledged during the course of the investigation that she lied to the investigation officers and to the victims' families, concealing her direct knowledge of the kidnapping, in an effort to cover-up the crimes.

{¶ 24} Thus, the record shows that the entirety of appellant's participation in these crimes clearly, materially exceeded appellant's incomplete characterization of her role having been limited to, "refusing to contact the police, or the families of the victims."

{¶ 25} Consistent with the facts manifest in the record of evidence, appellant was convicted on one set each of complicity to commit felonious assault and complicity to commit kidnapping, with each set of offenses corresponding to each of the two victims.

{¶ 26} As pertains to the allied offense merger factors set forth in *Scott*, the record shows that the assault and kidnapping offenses involved two separate victims, K.W. and K.P., and therefore, caused separate and identifiable harm, as K.W. and K.P. were separately, individually wrestled, pistol whipped, tied-up, and later put into the trunk of a motor vehicle. In addition, the record further shows that the offenses were chronologically committed separately, sequentially, with the boys first being pistol whipped and subdued, and thereby assaulted, in the basement of appellant's home, and only subsequently, after Cruz was contacted to drive over with a pick-up vehicle, then taken upstairs out of the basement, taken outside, and put into the trunk of a vehicle, and thereby kidnapped.

{¶ 27} Accordingly, upon our de novo review, we find that the record shows that the offenses involved separate victims, with separate harms, and were committed separately. Therefore, in accord with *Scott*, *Gilmer*, and R.C. 2941.25, the trial court properly found that the crimes were not allied offenses of similar import and did not merge for sentencing purposes.

**{¶ 28}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
_____
CONCUR.                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.