[Cite as *State v. Adams*, 2025-Ohio-2371.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

    Appellant

v.

Richard C. Adams

    Appellee

Court of Appeals No.  OT-24-019

Trial Court No.  23 CR 074

**DECISION AND JUDGMENT**

Decided:  July 3, 2025

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a March 26, 2024 judgment of the Ottawa County Court of Common Pleas, convicting appellant of one count of obstruction of official business, in violation of R.C. 2921.31, a felony of the fifth degree, one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree, and an accompanying R.C. 2941.1417 vehicle forfeiture specification.

{¶ 2} Appellant was acquitted of the remaining offenses; including one count of operating a motor vehicle under the influence of alcohol or drugs (OVI), in violation of R.C. 4511.19, a misdemeanor of the first degree, and one count of OVI with a prior refusal, in violation of R.C. 4511.19, a misdemeanor of the first degree.

{¶ 3} Appellant was sentenced to a six-month term of incarceration on the obstruction conviction, and a nine-month term of incarceration on the failure to comply conviction, ordered to be served consecutively, totaling a 15-month term of incarceration. For the reasons set forth below, this court affirms, in part, and reverses, in part, the judgment of the trial court.

{¶ 4} Appellant, Richard C. Adams, sets forth the following three assignments of error:

"[1]  Adams' convictions for obstruction and failure to comply are against the weight of the evidence presented at trial.

"[2]  The trial court erred by failing to merge Adams' convictions for obstruction and failure to comply.

"[3]  The trial court erred by not performing proportionality review as required by R.C. 2981.09 before ordering Adams' truck be forfeited."

{¶ 5} The following undisputed facts are relevant to this appeal. On February 5, 2023, at approximately 12:30 a.m., appellant was driving his 1973 Chevy pickup truck through Oak Harbor. Sergeant Jordan Wehrly ("Wehrly") of the Oak Harbor Police

2.

Department was on duty that night, patrolling the village. Wehrly took note of appellant when he observed appellant encroach into an intersection, driving his vehicle half-way past the marked stop location prior to stopping.

{¶ 6} Based upon this observation, Wehrly began to follow appellant. Appellant then drove into the nearby parking lot of Howie's Bar, turning into the parking lot without using his turn signal. At this juncture, given these facts and circumstances, Wehrly followed appellant into the bar parking lot and initiated a traffic stop.

{¶ 7} When approaching appellant's vehicle, Wehrly detected an odor of alcohol and observed that appellant's eyes were glassy. Based upon his training, experience, and observations, Wehrly became concerned that appellant was driving while impaired. Therefore, Wehrly instructed appellant to step out of the vehicle so that he could determine whether appellant was impaired. However, appellant was wholly uncooperative. Appellant refused to exit the vehicle, rolled up his window, and locked the door, inhibiting Wehrly's ability to proceed with the investigation. Accordingly, Wehrly called dispatch and requested that emergency backup be dispatched to the scene to assist in addressing the impasse.

{¶ 8} Upon then advising appellant that if he persisted in refusing to exit his vehicle, Wehrly would be left with no choice but to break out appellant's driver side window, appellant defiantly responded, "Go ahead. Do it." Wehrly then used his baton to break out appellant's window. In response, appellant put his vehicle in reverse, striking Wehrly's vehicle, and fled the scene. When appellant fled the Howie's Bar

3.

parking lot, the bar was still open for business, and the parking lot was still being utilized by staff and patrons.

{¶ 9} Appellant's flight triggered a nine-mile, high speed police pursuit involving five law enforcement agencies, all traveling late at night down narrow country roads, lined by ditches, going through several towns. In the midst of the pursuit, appellant slowed considerably down at one point, leading the pursuing officers to hope that appellant was about to cease his flight, at which point appellant abruptly accelerated, and sped away once again. Ultimately, appellant pulled into a random residential driveway and was arrested. Appellant's vehicle contained open cans of alcoholic beverages, as well as an additional, unopened case of Bud Light. Appellant refused to submit to BAC testing and refused medical treatment.

{¶ 10} On February 23, 2023, appellant was indicted on one count of obstruction of official business, in violation of R.C. 2921.31, a felony of the fifth degree, one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree, one count of OVI, in violation of R.C. 4511.19, a misdemeanor of the first degree, and one count of OVI with a prior refusal, in violation of R.C. 4511.19, a misdemeanor of the first degree.

{¶ 11} On April 27, 2023, appellant filed a motion to suppress. On July 10, 2023, the trial court conducted an evidentiary hearing on the motion to suppress. On August 31, 2023, the motion was denied. On January 26, 2024, appellee offered a plea agreement, which was rejected by appellant.

4.

{¶ 12} On February 5, 2024, a two-day jury trial commenced. At the conclusion of the jury trial, appellant was unanimously convicted of obstruction of official business and failure to comply with an order or signal of a police officer. Appellant was acquitted of the remaining charges. On March 22, 2024, appellant was sentenced to a 15-month total term of incarceration, as well as forfeiture of his 1973 Chevy pickup truck. This appeal ensued.

{¶ 13} In the first assignment of error, appellant argues that his convictions for obstruction and failure to comply were against the manifest weight of the evidence. We do not concur.

{¶ 14} As held by this court in *State v. Costilla*, 2024-Ohio-3221, ¶ 46 (6th Dist.),

> The test of manifest weight of the evidence * * * applies to the prosecution's burden of persuasion. *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, 216 N.E.3d 653, ¶ 26. A challenge to a conviction based on the manifest weight of the evidence questions whether the trial court could find a greater amount of credible evidence was admitted at trial to sustain that decision than not. *Manning* at ¶ 41, citing *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E. 3d 180, ¶ 75, citing *Thompkins* at 387, 678 N.E.2d 541. In reviewing a verdict against the manifest weight of the evidence, we give deference to the trial court's credibility determinations, and the testimony of a single witness, if believed, will support a conviction. *Manning* at ¶ 41-42, citing *Myers*, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 140-141.

{¶ 15} Regarding the obstruction conviction, R.C. 2921.31 establishes, in relevant part, "No person * * * shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties * * * If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."

5.

{¶ 16} Regarding the failure to comply conviction, R.C. 2921.331 establishes, in relevant part,

> No person shall operate a motor vehicle so as willfully to allude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop * * * A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt * * * The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶ 17} Appellee presented the testimony of three law enforcement witnesses at trial, the principal witness being Wehrly, the officer who initiated the traffic stop, the officer from whom appellant fled, and the officer who led the multi-agency pursuit of appellant. During direct examination, upon inquiry regarding what occurred when he asked appellant to step out of the vehicle in order to ascertain whether or not appellant was driving while impaired, Wehrly testified, "[Appellant] says 'I'd rather not', and slams his hand down on the [door] lock * * * He's already being standoffish from the start * * * [H]e was not going to comply * * * [H]e's rolling up his window. The door is locked. I have no access to him * * * He was not going to comply at all." Inquiry with next made, "So is he hindering your investigation?" Wehrly replied, "Yes, sir."

{¶ 18} Inquiry was next made, "You told him that if he doesn't come out, you're going to break his window * * * What was his response?" Wehrly replied, "[H]e says, 'Go ahead. Do it.'"

{¶ 19} The testimony then shifted to appellant's flight from the scene. Inquiry was made, "Is this truck already in reverse and moving?" Wehrly replied, "Yes * * * I didn't

6.

think he was going to back [up] * * * I felt like I might be able to * * * tase him and prevent him from leaving." Wehrly's taser discharge was unable to prevent appellant's flight.

{¶ 20} In next testifying regarding the ensuing pursuit of appellant, Wehrly elaborated,

> We're heading down [S.R.] 105. Elmore's about eight miles * * * [appellant was driving] pretty fast * * * I know we're going to start to get up to speeds here into the 80s [m.p.h.] * * * We continue another seven miles up the road * * * *[Appellant] was all over the roadway * * * he was actually, at one point, in the opposite travel lane * * * he's just driving in the middle of the road. Especially when I think we get on [S.R.] 590 * * * I remember a passenger car having to pull over halfway into the ditch to avoid [appellant]* * * This is more of a narrow road * * * [Appellant] rolled [the two-way stop sign at the S.R. 163 intersection]. (Emphasis added).

{¶ 21} Appellant ultimately pulled into a random residential driveway and was placed under arrest. Two additional law enforcement officers from the assisting agencies similarly testified in detail regarding their participation in the pursuit, and the dangers presented by appellant's flight, all consistent with Wehrly's testimony.

{¶ 22} The record plainly shows that on February 5, 2023, in the course of Wehrly's traffic stop of appellant, appellant refused Wehrly's instruction to get out of his vehicle, rolled up his window, locked his door, reversed his vehicle, striking Wehrly's vehicle, and fled the scene, thereby hampering and impeding Wehrly's performance of the lawful duty of investigating appellant for impaired driving, and, in the process, created a risk of physical harm to Wehrly and anyone present in the parking lot.

7.

**{¶ 23}** In conjunction, the record likewise plainly shows that on February 5, 2023, upon fleeing from the traffic stop, appellant triggered a nine-mile high speed law enforcement pursuit, at night, down narrow country roads, through villages, traveling at 80 m.p.h., ran stop signs, and caused a lawfully traveling motorist to abruptly pull into a ditch to avoid being struck, and, as a result of these actions, caused a substantial risk of serious physical harm to persons or property.

**{¶ 24}** We find that the record shows that a greater amount of credible evidence was admitted to sustain the convictions than not. Appellee satisfied the burden of persuasion. Appellant's convictions of obstruction and failure to comply were, therefore, not against the manifest weight of the evidence. Appellant's first assignment of error is found not well-taken.

**{¶ 25}** In appellant's second assignment of error, appellant argues that the trial court erred in not merging the obstruction and failure to comply convictions as allied offenses of similar import, for sentencing purposes. We do not concur.

**{¶ 26}** As held by this court in *State v. Scott*, 2024-Ohio-5849, ¶ 84 (6th Dist.),

> R.C. 2941.25 prohibits multiple convictions for allied offenses of similar import arising from the same conduct. *State v. White*, 2021-Ohio-335, ¶ 8 (6th Dist.). To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve separate victims or separate and identifiable harm, (2) were the offenses committed separately, and (3) were the offenses committed with separate animus? *Id.*, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 25. An affirmative answer to any of the above will permit separate convictions. *Id.*, quoting *State v. Tellis*, 2020-Ohio-6982, ¶ 74 (6th Dist.).

**{¶ 27}** In conjunction, as appellant did not ask the trial court to merge the offenses, as held by the Ohio Supreme Court in *State v. Knuff*, 2024-Ohio-902, ¶ 218, "[Defendant]

8.

failed to request merger at trial, so our review is limited to plain error. *See*, *e.g.*, *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, ¶ 137."

{¶ 28} As applied to the instant case, and as held above, Wehrly's trial testimony clearly shows that appellant committed the offense of obstruction of official business while in the parking lot of Howie's Bar, following the traffic stop, in impeding Wehrly's impaired driving investigation, and then reversing his vehicle, striking Wehrly's vehicle, and fleeing. This offense occurred in the Howie's Bar parking lot, and the victim was Wehrly and parking lot patrons.

{¶ 29} In addition, Wehrly's trial testimony clearly shows that appellant subsequently committed the offense of failure to comply upon fleeing the Howie's Bar parking lot, leading multiple law enforcement agencies on a high-speed chase, at night, over a nine-mile distance, down narrow country roads, traveling through villages, during which another lawfully driving motorist had to abruptly pull into a ditch to avoid being struck by appellant. This occurred along appellant's flight route, and the victims were Wehrly, the other pursuing officers, and the traveling members of the public encountering appellant during the pursuit.

{¶ 30} Thus, the record shows that the offenses involved separate victims, separate harms, and were committed separately. We find that appellant has failed to establish that the trial court committed plain error in not merging the obstruction and failure to comply offenses as allied offenses of similar import, as the record shows them to be separate and identifiable. We find appellant's second assignment of error not well-taken.

9.

**{¶ 31}** In appellant's third assignment of error, appellant argues that the trial court erred in ordering forfeiture of his 1973 Chevy pickup truck without conducting the statutorily mandated R.C. 2981.09(A) proportionality review, in order to establish the propriety of the forfeiture. We concur.

**{¶ 32}** R.C. 2981.09(A) establishes,

Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. *The state or political subdivision shall have the burden of going forward with the evidence and the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense.* (Emphasis added).

**{¶ 33}** The transcript of the sentencing proceedings reflects that the sole discussion and consideration of forfeiture were as follows; During opening remarks, appellee conveyed to the trial court, "I have spoken with Chief Parker of the Oak Harbor Police Department. He asked that the vehicle be forfeited to the State of Ohio." Later, when imposing sentences, the trial court summarily stated, "The 1973 Chevy truck is forfeited to the state of Ohio." However, the record is devoid of any evidence presented to, or considered by, the trial court in connection to the forfeiture.

**{¶ 34}** Accordingly, the record shows that appellee failed to provide any evidence relative to forfeiture, and thus did not prove by clear and convincing evidence that the value of the 1973 Chevy pickup truck, the subject of the forfeiture order, was proportionate to the severity of the offense. As such, the forfeiture order was in breach of the proportionality review mandate set forth in R.C. 2981.09(A). We find appellant's third assignment of error well-taken.

10.

**{¶ 35}** On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed, in part, and reversed, in part, for the limited purpose of remand to the trial court to perform the required R.C. 2981.09(A) proportionality review. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                                                   JUDGE
Christine E. Mayle, J.

                                        _____
Gene A. Zmuda, J.                                     JUDGE
CONCUR.

                                        _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.