[Cite as *State v. Gingrich*, 2025-Ohio-2546.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-24-1237

    Appellee                                     Trial Court No.  CR0202301007

v.

Corbin Gingrich                              **DECISION AND JUDGMENT**

    Appellant                                    Decided: July 18, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a July 2, 2024 judgment of the Lucas County Court of

Common Pleas, sentencing appellant to a total term of incarceration of 20 to 25 years,

following appellant's negotiated pleas to two counts of kidnapping, in violation of R.C.

2905.01(A)(3), felonies of the first degree, and two counts of involuntary manslaughter,

in violation of R.C. 2903.04(A), also felonies of the first degree.

{¶ 2} This case arises from the December 3, 2022 murder of victims K.W. and

K.P., both juvenile males.  On December 3, 2022, while K.W. and K.P. were playing

video games in the basement of appellant's Toledo home, they were pistol whipped, tied up with electrical cords, later put into the trunk of a motor vehicle, taken to an abandoned home in North Toledo, and killed, after which the home was burned down, in a failed effort to conceal the above-described crimes.

{¶ 3} Appellant, Corbin Gingrich, sets forth the following two assignments of error on appeal:

"One:  The trial court erred in not merging the kidnapping counts with the involuntary manslaughter counts for each victim [].

"Two:  Trial counsel rendered ineffective assistance of counsel []."

{¶ 4} The following undisputed facts are relevant to this appeal.  On December 3, 2022, appellant invited the victims to come to the Toledo home that he shared with his fiancée, co-defendant Carissa Eames ("Carissa").  Appellant believed that the victims were involved in the recent theft of one of his firearms.  The invitation to the victims to come to appellant's home was a subterfuge.  It facilitated their ambush, and culminated in their deaths.

{¶ 5} Upon arrival at appellant's home, the victims went into the basement and began to play video games.  Subsequently, appellant and co-defendant Donald Eames ("Donald"), Carissa's brother, went into the basement and confronted the victims about appellant's missing gun.  A struggle ensued, during which the victims were pistol whipped, subdued, and then tied up with electrical cords.

{¶ 6} At this juncture, Cruz Garcia ("Garcia") was contacted to arrange to take the victims out of appellant's home.  Garcia subsequently drove to appellant's home,

2.

accompanied by two other males. Upon arrival, the restrained victims were taken by the men from appellant's home and put into the trunk of the waiting vehicle. The victims were then driven away, inside the trunk of the vehicle.

{¶ 7} The victims were ultimately taken to an abandoned home in North Toledo. The victims were strangled and beaten to death, after which the vacant home in which their bodies had been left was burned down.

{¶ 8} On December 14, 2022, following an anonymous tip regarding the disappearance of the boys, the investigation into their disappearance led to the abandoned, burned home in North Toledo. Excavation of the site recovered two sets of human remains, later positively identified as the missing boys.

{¶ 9} On January 4, 2023, appellant was indicted on two counts of murder, in violation of R.C. 2903.02(B), felonies of the first degree, two counts of kidnapping, in violation of R.C. 2905.01(A)(3), felonies of the first degree, one count of obstruction of justice, in violation of R.C. 2921.32(A), a felony of the third degree, one count of possession of a firearm while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree.

{¶ 10} On May 1, 2024, pursuant to a negotiated plea agreement, appellant pled guilty to two counts of the lesser included offense of involuntary manslaughter, in violation of R.C. 2903.04(A), felonies of the first degree, and two counts of kidnapping, in violation of R.C. 2905.01(A)(3), felonies of the first degree. In exchange, the

3.

remainder of the pending offenses were dismissed and appellee agreed to remain silent regarding merger.

{¶ 11} On July 2, 2022, the sentencing hearing was conducted. The trial court considered appellant's sentencing memorandum, including the request for R.C. 2941.25 merger of the offenses as allied offenses of similar import. The trial court set forth the core facts underpinning its rejection of the request for merger of the offenses. The trial court held, in relevant part,

> [T]here actually was harm done separate and apart during the kidnapping that did not happen as part of the involuntary manslaughter, and that is [the victims] being pistol whipped by a gun * * * they were [subsequently] handed off and then put [into] the trunk of a car with more harm done * * * All those things to me are different, and that is why I'm going to find * * * that merger does not apply.

{¶ 12} The trial court then sentenced appellant to a 10 to 15 year term of incarceration on each involuntary manslaughter conviction, and a three to four and one-half year term of incarceration on each kidnapping conviction, with the involuntary manslaughter convictions order to be served consecutively with one another, the kidnapping convictions order to be served concurrently with one another, and the involuntary manslaughter sentence order to run consecutively with the kidnapping sentence, equaling a total term of incarceration of 20 to 25 years. This appeal ensued.

{¶ 13} In the first assignment of error, appellant argues that the trial court erred in not merging the kidnapping offenses with the involuntary manslaughter offenses, as R.C. 2941.25 allied offenses of similar import, for sentencing purposes. We do not concur.

4.

**{¶ 14}** As this court held in *State v. Scott*, 2024-Ohio-5849, ¶ 84 (6th Dist.),

> R.C. 2941.25 prohibits multiple convictions for allied offenses of similar import arising from the same conduct. *State v. White*, 2021-Ohio-335, ¶ 8 (6th Dist.). To determine whether multiple convictions constitute allied offenses, the court must address three questions: (1) did the offenses involve either separate victims or separate and identifiable harm, (2) were the offenses committed separately, and (3) were the offenses committed with separate animus? *Id*., quoting *State v. Ruff*, 2015-Ohio-995, ¶ 25. An affirmative answer to any of the above will permit separate convictions. *Id*., quoting *State v. Tellis*, 2020-Ohio-6982, ¶ 74 (6th Dist).

**{¶ 15}** In conjunction, as this court held in *State v. Gilmer*, 2024-Ohio-1178, ¶ 88 (6th Dist.),

> The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). An appellate court reviews de novo whether offenses should be merged as allied offenses under R.C. 2941.25. *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 5, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1. Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on analysis of the facts. *Id*. at ¶ 11.

**{¶ 16}** As applied to the instant case, R.C. 2905.01(A)(3), the kidnapping statute, establishes in relevant part, "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * to terrorize, or to inflict serious physical harm on the victim or another."

**{¶ 17}** In conjunction, R.C. 2903.04(A), the involuntary manslaughter statute, establishes in relevant part, "No person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony."

5.

{¶ 18} In principle support of this appeal, appellant argues, "Remand is appropriate here as merger was hotly contested, and the trial court's statements at the sentencing hearing and in its judgment entry do not speak clearly to appellant's conduct." We do not concur.

{¶ 19} Incongruous with appellant's characterization that the trial court was unclear in articulating the underlying criminal conduct constituting the separate offenses, the transcript of the sentencing hearing reflects that, in rejecting appellant's merger argument, the trial court clearly explicated,

> [T]here actually was some harm done separate and apart during the kidnapping that did not happen as part of the involuntary manslaughter, and that is them being pistol whipped by a gun * * * [T]hat was done at that home while they were tied up * * * separate harm than the murder, that's two separate harms * * * they were [later] handed off and then put in the trunk of a car with more harm done to them with cords being taken off, and then [duct tape being put on them], and the hitting [of the victims] with the guns in the basement. All those things to me are different, and that is why I am going to find * * * that merger does not apply.

{¶ 20} The record reflects, as clearly held by the trial court in the above-quoted findings set forth at sentencing, that these offenses involved two separate victims, K.W. and K.P., and that the harms inflicted upon them during the commission of these offenses were distinct and identifiable. The record shows that in facilitation of the kidnapping of the boys in appellant's basement, they were pistol whipped in order to be subdued, tied up first with electrical cords, and then with duct tape, and later put into the trunk of a motor vehicle. These harms are distinct and identifiable from the subsequent, off-site murder of both boys.

6.

{¶ 21} The record consistently reflects that these offenses were committed separately, as likewise held by the trial court in rejection of the merger argument at sentencing. The record shows that the kidnapping offenses chronologically occurred first in time, when the boys were tied up with electrical cords upon being physically subdued in appellant's basement. The involuntary manslaughter offenses subsequently occurred, only after the boys were later driven away from appellant's home in the trunk of a motor vehicle, and after which they were killed.

{¶ 22} Accordingly, upon our de novo review, we find that the record shows that the offenses involved separate victims, with separate harms, and were committed separately. Therefore, in accord with *Scott*, *Gilmer*, and R.C. 2941.25, the trial court properly found that the crimes were not allied offenses of similar import, and did not merge for sentencing purposes.

{¶ 23} In the second assignment of error, appellant similarly argues that trial counsel was ineffective, likewise based upon the reasoning underlying appellant's first assignment of error, maintaining that the record does not clearly speak to appellant's conduct, thereby allegedly hindering appellate counsel in this matter.

{¶ 24} As held by this court in *State v. Schramm*, 2022-Ohio-1535, ¶ 10 (6th Dist.),

> The Sixth Amendment to the United States Constitution guarantees the defendant the effective assistance of counsel * * * When a defendant alleges ineffective assistance of counsel [], the defendant must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*; *see also State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) * * * [T]he defendant must first show that

7.

counsel's performance was deficient. *Id*. Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Id*.

{¶ 25} Given our determination in response to appellant's first assignment of error, rejecting appellant's claim that the record does not clearly speak to appellant's conduct and finding that the record contains the requisite facts constituting the separate offenses, we likewise find that appellant has failed to demonstrate ineffective assistance of counsel on that same proffered substantive basis. Wherefore, appellant's second assignment of error is found not well-taken.

{¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J .Osowik, J.
_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.
_____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.